622 So.2d 1203 (1993)
Kay Collins STANSELL, Plaintiff-Appellee,
v.
Ralph Gale STANSELL, Defendant-Appellant.
No. 25021-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Rehearing Denied September 16, 1993.
Francis M. Gowen, Jr., Shreveport, for appellant.
Smith & Shadoin by Robert E. Shadoin, Ruston, for appellee.
Before HIGHTOWER, BROWN and STEWART, JJ.
BROWN, Judge.
On September 22, 1992, Kay Stansell filed a petition in Lincoln Parish seeking a divorce from Ralph Gale Stansell based upon living separate and apart for more than six months. LSA-C.C. Art. 103. The petition specifically alleged that "[t]he parties separated on the first day of May 1990 and have neither lived together nor reconciled since that date ..." Defendant answered in proper person and denied the allegation concerning separation and further claimed that a Texas divorce had been rendered in 1974.
At trial on November 13, 1992, Kay Stansell testified that the parties actually separated on May 7, 1991, instead of May 1, 1990, as alleged in the petition. Over defendant's objection, the trial court allowed an oral amendment to the petition to substitute the correct date of separation and then granted the divorce. Defendant appealed claiming:
The trial court erred in allowing the plaintiff to orally amend the petition for divorce because said amendment raised a new issue during the trial to which the defendant did not have adequate time to prepare a response.
On June 4, 1993, defendant filed with this court a "Peremptory Exception of Res Judicata." Now represented by counsel, defendant admits that he failed to prove in *1204 the lower court the existence of a prior Texas divorce. Defendant states that he was unable to obtain a copy of this 1974 Texas divorce decree to present as evidence because it had somehow been lost, misplaced, or not filed in the court record. However, pursuant to Section 19.001-19.009 of the Texas Civil Practices and Remedies Code, an Order Substituting Judgment was entered on April 16, 1993. See Appendix.
In the exception filed in this court, defendant states that "He obtained a Final Decree of Divorce on April 16, 1993, ... in the District Court of Titus County, Texas, which ... was dispositive of all the issues raised herein ..." Defendant attached certified judgments to support the exception. The Texas decree states that it was based upon a verified motion by defendant alleging that an original decree of divorce rendered in 1974 was lost or misplaced.
Defendant has also attached to his exception an order from the district court in Caddo Parish dated May 28, 1993, recognizing the April 1993 Texas judgment. This order was obtained in an idle lawsuit previously filed by plaintiff in 1991 when the parties separated.

DISCUSSION

Oral Amendment of Pleadings
Defendant argues that the oral amendment resulted in a year discrepancy between the date of the alleged and actual separation. He claims that such an amendment constitutes a new issue. We find defendant's argument unpersuasive. The petition sought a divorce claiming that the parties had lived separate and apart continuously for six months or more. LSA-C.C. Art. 103. Defendant agreed that they had separated in May 1991. The petition filed in September 1992 was more than six months after the couple's physical separation.
LSA-C.C.P. Art. 1154 provides in part: If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.
The factual question at trial was whether the parties had lived apart for at least six months before plaintiff filed for divorce. As it related to this issue, the amendment could not have prejudiced defendant. Pleadings can be enlarged by the evidence and the trial judge has wide discretion to allow an amendment to conform the pleadings with the evidence. Herrell v. Herrell, 594 So.2d 943, 946 (La.App. 3rd Cir.1992); C.D.T., Inc. v. Green and Sumner Architects, Inc., 453 So.2d 1252, 1254 (La.App. 3rd Cir.1984). Under these circumstances the trial court did not abuse its discretion in permitting the amendment.

Exception of Res Judicata
Plaintiff testified that the parties married in 1970, divorced in 1972, remarried and, thereafter, in 1974, reinstituted divorce proceedings in Texas. Apparently the parties reconciled. Plaintiff testified that they again separated in Shreveport on May 7, 1991, and that she sought an injunction in an action in Caddo Parish. Thereafter, in September 1992, plaintiff filed for divorce in Lincoln Parish because her inquiries revealed that the record in the 1974 Texas proceedings did not contain a final decree of divorce.
Defendant's answer pled the existence of a 1974 Texas divorce. At trial defendant failed to prove that this 1974 divorce existed because he also could not find a final decree in the Texas record. The trial court correctly rejected defendant's claim.
While this appeal was pending, defendant reopened the 1974 Texas case and obtained an order stating "that a Final Decree of Divorce, which is a substantial copy of the original document which was lost or misplaced, be approved...." *1205 Armed with this order, defendant filed an exception of res judicata with this court. Plaintiff moved to strike the exception of res judicata and the documents attached thereto as proof.
A divorce decree granted by a sister state is entitled to full faith and credit in another state if constitutional due process is observed. Lewis v. Lewis, 404 So.2d 1230, 1232 (La.1981). LSA-C.C.P. Art. 2163 allows the filing of peremptory exceptions, such as the exception of res judicata, for the first time in an appellate court provided the proof needed to sustain the exception appears from a mere inspection of the record.
In Lewis v. Lewis, 155 La. 231, 99 So. 202 (La.1923), a similar situation occurred. In Lewis the court held:
The plea presented by appellee in her motion to dismiss [res judicata] is one which may be filed in this court. Code of Practice Art. 902. It is grounded upon facts alleged to have come into existence after the appeal was lodged here, and prima facie proof of those facts is annexed to appellee's motion as required by the cited authority of the Code of Practice. In order to ascertain whether the judgment annexed to appellee's motion has become final, in order further to give appellant an opportunity to contradict the facts alleged in the motion to dismiss, and in order to better promote the ends of justice [i]t is ordered that this cause be remanded to the district court for the sole purpose of taking evidence on the issues of fact raised in the motion to dismiss, and that such evidence, when taken, be filed as part of the record in this court.
Lewis, 99 So. at 202.
If the parties were divorced in Texas in 1974, there is no marriage subject to being terminated in Louisiana. LSA-C.C.P. Art. 2163 permits the filing of a peremptory exception in the appellate court, if pled prior to a submission of the case for a decision and if proof of the ground of the exception appears of record. The Lincoln Parish record is the only record before this court and it contains no evidence to support the exception. Accordingly, the exception cannot be sustained. However, partially following the approach taken in Lewis, supra, we remand to the district court to consider the exception of res judicata and/or no cause of action. Evidence should be presented concerning the entitlement of the Texas judgment to full faith and credit as well as its effective date. Thereafter, the trial court should rule on the merits of the exception.

CONCLUSION
REMANDED.

APPLICATION FOR REHEARING
Before HIGHTOWER, VICTORY, BROWN, STEWART and WILLIAMS, JJ.
Rehearing denied.

APPENDIX

TEXAS CIVIL PRACTICES AND REMEDIES CODE
§ 19.003 Application for Relief
(a) To supply a record that has been lost, destroyed, or removed:
(1) a person interested in an instrument or in a judgment, order, or decree of the district court may file an application with the district clerk of the county in which the record was lost or destroyed or from which the record was removed; or
(2) a person interested in a judgment, order, or decree of a county court may file an application with the clerk of the court to which the record belonged.
(b) The application must be in writing and must set forth the facts that entitled the applicant to relief.
§ 19.004 Citation
(a) If an application is filed to supply a record, the clerk shall issue a citation to the following, as applicable, or to the person's heirs or legal representatives:
(1) each grantor of property, in the case of a record of a deed;

*1206 (2) an interested party, in the case of an instrument other than a deed; or
(3) a party adversely interested to the applicant at the time of the rendition, in the case of a judgment, order, or decree.
(b) The citation must direct the person to whom it is issued to appear at a designated term of the court to contest the applicant's right to record a substitute.
(c) Process must be served in the manner provided by law for civil cases.
§ 19.005 Order
(a) On hearing an application to supply a record, if the court is satisfied from the evidence of the previous existence and content of the record and of its loss, destruction, or removal, the court shall enter on its minutes an order containing its findings and a description of the record and its contents.
(b) A certified copy of the order may be recorded in the proper county.
§ 19.006 Effect of Order
The order supplying the record:
(1) stands in the place of the original record;
(2) has the same effect as the original record;
(3) if recorded, may be used as evidence in a court of the state as though it were the original record; and
(4) carries the same rights as the original record including:
(A) preserving liens from the date of the original record; and
(B) giving parties the right to issue execution under the order as under the original record.