YELVERTON, Judge.
This is an appeal from the dismissal of a divorce action on a plea of res judicata based on a Brazilian judgment. The trial court recognized the foreign judgment as having a preclusive effect on the wife’s Louisiana demands for divorce, alimony, and a division of property. We affirm in part and reverse in part.
William and Marie Meissner were married on November 29, 1983, in New Orleans, Louisiana. Soon after the New Orleans marriage the couple moved to Rio de Janeiro, Brazil, where they established their matrimonial domicile. Both parties frhad been previously married but had divorced their prior spouses by means of questionably valid legal proceedings in the Dominican Republic. To protect the status of their marriage to each other, they each subsequently obtained Brazilian divorces from their former spouses, then remarried in a Brazilian ceremony in 1988.
In 1990 Marie left Brazil and came to the United States to attend school in New York. For one reason or another, after attending school in New York, Marie did not return to Brazil but instead moved to Lake Charles, Louisiana.
On March 1, 1993, William filed for divorce in Brazil. On June 12, 1995, Marie signed a procuration and agreement which gave her Brazilian attorneys the power to represent her in the Brazilian divorce proceedings and to effectuate certain agreements as to matters incidental to the divorce.
In August 1995 William filed another divorce action, this time in the Fourteenth Judicial District Court for the Parish of Cal-casieu, Louisiana, where Marie lived. Marie answered the Louisiana suit and filed a re-conventional demand praying for a divorce and incidental relief, including alimony and a partition of the community property which she alleged existed between the parties. On September 4, 1995, the Brazilian court rendered a judgment of divorce.
William then dismissed his Louisiana suit and filed an exception of res judicata to *1042 Marie’s reconventional demand in the Louisiana proceedings, arguing that because-of the judgment of divorce in Brazil, and because all matters incidental to the divorce were adjudicated by a Brazilian court, all matters pending in the Louisiana court were res judicata and should be dismissed. The district court agreed and signed a judgment in William’s favor holding that all claims filed in the Louisiana court, laincluding the claims for alimony pendente lite, permanent alimony, and division of the community property regime, were res judicata and dismissed Marie’s claims. Marie brought this appeal from that judgment.
Marie has made two significant assignments of error. The first assignment is that the Brazilian documents entered into evidence at trial to prove a divorce in Brazil were not properly certified and authenticated and were thus inadmissible. The second is that the Brazilian judgment did not effectuate a division of the community property and is therefore not res judicata as to that subject matter. As our following discussion of these two issues will show, we find that Marie loses on the first assignment, but wins on the second.

Admissibility

The trial judge admitted the documents over objection by Marie’s attorney. La.Code Evid. art. 901(A) provides that “[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” La.Code Evid. art. 902(3) then explains what is required to make foreign public documents self-authenticating. It states that a foreign public document is self-authenticating if it meets the requirement that it be:
A document purporting to be executed or attested in his official capacity by a person authorized by the laws of a foreign country to make the execution or attestation, and accompanied by a final certification as to the genuineness of the signature and official position (a) of the executing or attesting person, or (b) of any foreign official whose certificate of genuineness of signature and official position relates to the execution or attestation or is in a chain of | certificates of genuineness of signature and official position relating to the execution or attestation. A final certification may be made by a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or a diplomatic or consular official of the foreign country assigned or accredited to the United States. If reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents, the court may, for good cause shown, order that they be treated as presumptively authentic without final certification or permit them to be evidenced by an attested summary with or without final certification.
If what is sought to be introduced is not the original but a copy of the original, there is an additional certification requirement made by La.Code of Evid. art. 904. This certification is to establish the accuracy with which the copy has reproduced the original.
In the present case there is a certificate executed by the Clerk of Court of the Tenth Division of the Family Court of the State of Rio de Janeiro Judiciary District that the attached judgment is what it purports to be. The certification requirement of Article 904 is also met in the same affidavit by the same Clerk of Court of the Tenth Division of the Family Court of the State of Rio de Janeiro Judiciary District. However, the final certification requirement of Article 902(8) has not been met.
The ostensible final certificate is signed by Edwin L. Beffel, Consul of the United States of America at Rio de Janeiro, Brazil, who certified the genuineness and official position of Rosa d’Almeida, a sworn public translator and commercial interpreter of the Federative Republic of Brazil, to translate into English official documents written in the Portuguese language. This tells us only that the translation from Portuguese into English is trustworthy. He did not, however, certify the genuineness of the signature and official position of Claudia Mereon Affonso, the Clerk of Court of the Tenth Division of the Family Court of the State of Rio de Janeiro Judiciary District, who was the attesting person. *1043 Nor did he certify the genuineness of the signature and official position of Vera Maria Soares Da Silva, the judge of that court, who was the executing person.
It is not always essential, however, for the authentication of a foreign judgment that the final certification be made. Article 902(3) additionally provides that a court may, for good cause shown, dispense with the requirement of final certification if a reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of official documents. The trial judge in the present case did not expressly waive the requirement for a final certification, but a waiver is implicit in the record. The documents reveal that the judgment of divorce in Rio de Janeiro was signed on September 4, 1995. According to the Brazilian record, both parties were represented by counsel. Marie knew that proceedings were underway in Brazil and signed documents on June 12, 1995, relating to the litigation. The judgment of divorce in Rio de Janeiro declares that service was made. Even if service was not actually made on her, she was aware when the exception was filed that the judgment was being pleaded as res judicata. As a represented party to the Brazilian litigation she could easily have determined the genuineness of the offer of that judgment in evidence. She has presented in the record no evidence that the judgment offered was not what it purported to be other than the technicality that it lacks a final certification.
We agree with the trial judge that the judgment was duly authenticated. Therefore, it was properly admitted into evidence.
Res Judicata
If a duly authenticated copy of the foreign judgment or decree is filed into the record, it is entitled to recognition in Louisiana. La.Code Civ.P. art. 2541, La.R.S. 13:4241; Reece v. Reece, 502 So.2d 591 (La.App. 3 Cir.), writ denied 503 So.2d 496 (La.1987); Stansell v. Stansell, 622 So.2d 1203 (La.App. 2 Cir.1993). See also Lewis v. Lewis, 404 So.2d 1230 (La.1981). A foreign judgment includes that of any foreign country. La.Code Civ.P. art. 2541.
The Brazilian judgment, translated from Portuguese, reads in pertinent part as follows:
DECREE — Having seen, etc — This is an action for direct divorce filed by WILLIAM BAYNARD MEISSNER vis a vis MARIE DE VILLIER ROY MEISSNER, based on the fact that the couple have in fact been living separately ... and that there is no possibility of their living together again, since the Defendant has been living in the United States since May 1987. In addition, the parties have, in an action for the offering of alimony, filed a provisional remedy for the inventory of property and an action for alimony. The Plaintiff has included in these records (folio 94) a Power of Attorney granted by Defendant, in which she agrees to the initial request and the submission of a proposal for an agreement, which is acceptable to the male spouse. The Public Prosecutor has issue [sic] a favorable opinion.
I have reported and now DECREE the following: In view of ... the fact that their life together has ceased to exist for more than two years and that there is no possibility of their reconciliation, — therefore, in view of what else is set forth in these records, I consider WELL-FOUNDED the petition to acknowledge and DECREE THE DIVORCE of WILLIAM BAY-NARD MEISSNER and MARIE DE VILLIER ROY MEISSNER and hereby homologate by decree the agreement on folio 95, in order that it may have due legal and juridical effect_ I consider EXTINGUISHED, for lack of subject matter the action for the offering of alimony, action for alimony and the action for provisional remedy and inventoxy of property....
(Signed) VERA MARIA SOARES DA SILVA, Judge....
The agreement referred to in the judgment reads in pertinent part as follows:
Folio 95 — POWER OF ATTORNEY— Marie de Villier Roy Meissner ... hereby designates and appoints as her true and legal attorneys [three named Brazilian attorneys] to whom she grants ... special powers to execute the following agreement *1044 with Mr. William Baynard Meissner in order to put an end to the litigations pending in the Tenth Division of the Family Court in the Judicial District of the Capital of the State of Rio de Janeiro, as transcribed hereinbelow:
“I [Marie] ... has waived any alimony her husband might have to pay her, because she exercises the lucrative profession of painter and is thus able to support herself; II) Consequently, the amounts deposited by [William] in [certain banks in Brazil] can be drawn up and received by [William] ...; III) ...; IV) [William] will pay [Marie] ... $14,084.00 ... upon the homologation of their DIVORCE; V) ...; VI) As a consequence of the present AGREEMENT, the ACTION FOR ALIMONY [Marie] has filed against [William], as well as the ACTION FOR THE OFFERING OF ALIMONY and the PROVISIONAL REMEDY FOR THE INVENTORY OF PROPERTY filed by [William] against [Marie] will be extinguished for lack of subject matter. VII) The property belonging to the female spouse and left by her in this country will be shipped to her in the United States of America, also, as soon as the DIVORCE has been ratified.”
[[Image here]]
Therefore [Marie] hereby grants her counsels power to waive the action offering alimony, to waive any alimony, to agree, sign any deeds, specially the deed of ratification, to receive and give release.... (Signed) MARIE DE VILLIER ROY MEISSNER. (On the reverse there was a Notarial Certificate, drawn up in English, attesting the above signature of Marie De Villier Roy Meissner, given on 06/12/95 by James C. Hanchey, under his hand and seal....)
It is quite clear from the above quoted language that a judgment was rendered divorcing the parties. It is also clear in the Brazilian decree that the parties | «settled all questions of alimony. What is unclear, and presently vigorously disputed, is whether the judgment dealt with the division of community property.
It is William’s position that the subject matter of a partition of community property was covered by the above agreement in Brazil and made part of the judgment, giving that subject the preclusive effect of res judi-cata. Marie, on the other hand, argues that the judgment cannot be so interpreted. To the resolution of this dispute we will apply Louisiana law, as there has been no showing that the community property laws and the procedure for partitioning community property in Brazil is different from the law of Louisiana. There is a well-established presumption that absent a showing to the contrary the foreign state’s law is the same as the law of Louisiana. Razzaghe-Ashrafi v. Razzaghe-Ashrafi, 558 So.2d 1368 (La.App. 3 Cir.1990).
The general rule of res judicata, that the judgment bars all causes of action that could have been raised, is subject to the exception of an action for partition of community property not actually adjudicated in an action for divorce. La.R.S. 13:4232(B); La.Code Civ.P. art. 425(B). The procedure of the action to partition community property is governed by La.R.S. 9:2801. That action calls for the marshaling of assets by way of descriptive lists, formerly accomplished by an inventory. As a matter of procedure, the identification and evaluation of the community property, whether initiated by descriptive lists or by an inventory, is the first step in the process of a judicial partition. The Brazilian proceedings in the present case did not reach the first step in the process of a partition, much less adjudicate a partition of community property.
The Brazilian judgment incorporated an agreement of the parties. With respect to the community property regime, that agreement provided only that the action filed by William in Brazil for “the provisional remedy for the inventory of property” would be “extinguished for lack of subject matter.” Similar language was repeated in the judgment wherein the judge considered “EXTINGUISHED, for lack of subject matter [William’s] action for the provisional remedy and inventory of property....” As we interpret this language it means that William asserted an action for the provisional remedy and inventory of property. It is common knowl *1045 edge that an inventory is a detailed list, or schedule, of articles of property, with their values. The “provisional remedy" part of the action was probably the quest for some kind of conservatory writ. Whatever provisional remedy it was that William sought, and whatever it was that the inventory sought, we know that his action was “extinguished” after it was filed and before any further proceedings took place with regard to it. The action came to an end. But the fact that the claim ceased to exist in the form of a Brazilian lawsuit cannot be equated with an agreement to settle the claim.
The stated reason why the action came to an end was “for lack of subject matter,” not that it was settled. William argues that the reason the parties agreed to a dismissal of the action was because there was no longer a dispute about community property. This argument does not comport with the testimony at the res judicata, hearing.
William testified at the hearing that there was some community property acquired during the marriage but that there was an agreement regarding the division of property. Marie denied that such an agreement existed. There is no partition agreement in the record. The documentation in the record does not state that there was ever an agreement regarding a division of property. William testified that in 1992 he initiated a “petition for the listing of property” and that this, along with the provisional alimony petition, was a provisional remedy sought before the suit for divorce was ever filed. He further testified that Marie was not represented “in the case of the inventory of property, of the listing of property,” and that there was a default judgment in that case. This default judgment is not in the record. He also stated that he once filed a list of community property, but this is not in the record either. Explaining their property settlement, he said that she settled her property claim for more than $14,000. He was referring to the $14,-084 that was recited in the Brazilian judgment in connection with alimony. He said:
She settled for that. She settled for my paying to send back her personal property, plus a number of items which were either questionable or community property, which cost around $8,000. She also avoided having to pay legal fees in the lawsuit that she lost in Brazil because the lawsuits were extinguished and there are other causes of action that she could be subject to in Brazil, such as the amount of money necessary to take care of her property for the four years which I paid for.
He admitted he had never furnished his wife with an inventory of the property. He also admitted that he had yet to release to her personal property which he had shipped to her and which was stored, under his control, in a warehouse somewhere near Lake Charles. He declared that most of the property he shipped was her separate property, but that he would not release it until she complied with the agreement in Brazil.
The Brazilian judgment did not itself decree a partition of community property between these parties. Nor can there be found in the documents admitted in Inevidence an agreement to partition the community property. Accordingly, Marie retains the right to assert and prove her interest in the community property. To the extent that the trial court found that the Brazilian judgment had the effect of res-judicata on her right to claim that interest, there was manifest error.
For the foregoing reasons, the judgment of the district court admitting the Brazilian judgment into evidence is affirmed. The judgment giving it preclusive effect as to the divorce and alimony is affirmed. The judgment giving it preclusive effect as to the division of the community property is reversed. The matter is remanded to allow the wife to proceed in her reconventional demand for a judicial partition. Costs of this appeal will be shared equally.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.