867 So.2d 709 (2002)
MANDALAY OIL & GAS, L.L.C. and Voyager Petroleum, Inc.
v.
ENERGY DEVELOPMENT CORP., Michael X. St. Martin, Virginia Rayne St. Martin and Quality Environmental Processes, Inc.
No. 2001 CA 0993.
Court of Appeal of Louisiana, First Circuit.
July 3, 2002.
*710 Bernard F. Levy, Houma, Counsel for Plaintiffs-Appellees Mandalay Oil & Gas, L.L.C. and Voyager Petroleum, Inc.
David R. Richardson, James Barton, III, New Orleans, Raymond G. Hoffman, Jr., Metairie, Patrick W. Gray, Jamie D. Rhymes, Lafayette, Counsel for Defendant-Appellee Energy Development Corp.
A.J. Gray, III, Lake Charles, Timothy C. Ellender, Jr., Houma, Counsel for Defendants-Appellants Michael X. St. Martin, Virginia Rayne St. Martin, and Quality Environmental Processes, Inc.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
This is an appeal from a judgment in a concursus proceeding. On appeal, appellants have filed a peremptory exception raising the issue of res judicata for the first time in this matter. For the reasons that follow, we remand this matter to the trial court for a determination of the issue of res judicata, but we retain jurisdiction of the appeal of the judgment on the merits pending disposition of the issue of res judicata.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On September 14, 1998, Mandalay Oil & Gas, L.L.C. (Mandalay) and Voyager Petroleum, Inc. (Voyager) jointly filed this concursus proceeding against Michael X. St. Martin, Virginia Rayne St. Martin (the St. Martins), Quality Environmental Processes, Inc. (Quality), and Energy Development Corporation (EDC). Mandalay and Voyager initiated the proceeding to determine the proper parties entitled to the distribution of a portion of natural gas royalty proceeds attributable to production from two tracts of landConcursus Tract 1 and Concursus Tract 2.
The pertinent tracts are contained within the KBR RA SUA unit of the Sunrise Field in Terrebonne Parish. In their joint pre-trial statement, the parties stipulated that Concursus Tract 1 lies within a section of the Sunrise Field known as the Protective Area. Concursus Tract 2 lies outside and to the northeast of the Protective Area. According to the petition, Mandalay leased the relevant tracts from the St. Martins and Quality (collectively, the St. Martin Group), while Voyager leased the same tracts from EDC. The St. Martin Group and EDC each claim the right to receive all of the royalty proceeds at issue.
EDC argues that it is entitled to all of the royalties because it is the owner of a mineral servitude covering the two concursus tracts and other contiguous lands. According to EDC, a single, large, contiguous servitude was conveyed to its predecessor-in-title pursuant to a mineral conveyance dated May 3, 1971. EDC further alleges that it has adequately maintained this servitude through operations and production either on the subject concursus tracts or on other contiguous lands contained within its servitude. Because the servitude is contiguous, EDC argues, maintenance of a part of the servitude constitutes maintenance of the whole in order to prevent extinguishment of the servitude through prescription for nonuse.
*711 The St. Martin Group, on the other hand, bases its claim to ownership of the mineral royalties on the St. Martins' ownership of the surface of the concursus tracts.[2] They also assert that EDC does not own any servitude affecting the concursus tracts. In support of this assertion, the St. Martin Group alleges that the 1971 mineral conveyance, upon which EDC bases its claim to a servitude, did not contain an adequate property description to put third parties on notice that a servitude would burden the concursus tracts. They further argue that any servitude EDC may have had in the concursus tracts has been extinguished by prescription of nonuse for a period of at least ten years. According to the St. Martin Group, EDC's servitude, if one existed, was not contiguous such that maintenance of a part of the servitude would constitute maintenance of the whole.
A trial on the merits was held in this matter in April of 2000, after which the judge took the matter under advisement. On September 29, 2000, the trial judge issued a written judgment declaring EDC to be the owner of all of the natural gas royalty proceeds attributable to production from the two concursus tracts. On October 16, 2000, the trial judge issued written findings of fact and reasons for judgment, in which he specifically found that the property description in the 1971 mineral conveyance was sufficient to put third parties on notice that a mineral servitude would burden the concursus tracts. The trial judge further found that EDC had established the existence of a single, large, contiguous servitude, which had been maintained sufficiently to avoid prescription. This appeal by the St. Martin Group followed.
In addition to its appeal of the trial court's decision on the merits, the St. Martin Group filed a peremptory exception in this court raising the issue of res judicata for the first time in this matter. The instant lawsuit is one of at least four suits between these parties concerning their respective claims to the mineral rights in the concursus tracts and other surrounding lands. The exception is based on a judgment rendered by the 24th Judicial District Court in the Parish of Jefferson in a suit filed by EDC against the St. Martin Group.
EDC filed the Jefferson Parish suit on July 7, 1997, prior to the commencement of the instant concursus proceeding in Terrebonne Parish by Mandalay and Voyager. In the Jefferson Parish suit, EDC sought a declaratory judgment recognizing it to be the owner of a mineral servitude in the Protective Area of the Sunrise Field in Terrebonne Parish.[3] EDC additionally sought a permanent injunction preventing the St. Martin Group from interfering with its right to the use and enjoyment of the servitude. The St. Martin Group reconvened, seeking declaratory and injunctive relief.
The Jefferson Parish suit went to trial in October of 1999. On December 17, 1999, the trial judge in that matter rendered a judgment against EDC and in favor of Quality.[4] In his judgment, the trial judge *712 specifically determined that the property description in the 1971 mineral conveyance was not adequate to put third parties on notice as to which properties were being encumbered. In addition, the trial judge found that any servitudes or mineral rights EDC may have had in the Protective Area were created by an instrument dated August 31, 1966, and had been extinguished by prescription of nonuse for ten years. Finally, the trial judge specifically stated in his written reasons for judgment that the area over which EDC claimed a servitude was not contiguous.
EDC filed a suspensive appeal of the Jefferson Parish judgment with the Louisiana Court of Appeal, Fifth Circuit. At the time the instant concursus proceeding went to trial in Terrebonne Parish, the Fifth Circuit had not yet ruled on that appeal.[5] The St. Martin Group and EDC advised the trial judge in Terrebonne Parish of the Jefferson Parish suit and the pending appeal, but no exception of any kind was filed. In addition to this oral notification of the trial court about the suit, EDC had previously submitted the signed Jefferson Parish judgment and written reasons as an attachment to a pre-trial memorandum filed by EDC. Although the attorney for EDC acknowledged the potential res judicata effect of the Jefferson Parish judgment before the Terrebonne Parish trial court, he opposed the motion for continuance made by the St. Martin Group. Consequently, the motion was denied, and the matter proceeded to trial.

DISCUSSION
Louisiana Revised Statute 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
In addition, article 531 of the Louisiana Code of Civil Procedure provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of *713 the suits, but the first final judgment rendered shall be conclusive of all. (Emphasis added.)
Res judicata is an issue and claim preclusion device found both in federal law and state law. The purpose of both federal and state law on res judicata is essentially the sameto promote judicial efficiency and final resolution of disputes by preventing needless relitigation. Terrebonne Fuel & Lube, Inc. v. Placid Refining Co., 95-0654, pp. 11-12 (La.1/16/96), 666 So.2d 624, 631.
Under LSA-R.S. 13:4231, res judicata bars relitigation of a subject matter arising from the same transaction or occurrence as a previous suit. Thus, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Terrebonne Fuel, 95-0654 at p. 12, 666 So.2d at 632. Furthermore, the doctrine of res judicata is not discretionary and mandates the effect to be given to final judgments. Leon v. Moore, 98-1792, pp. 4-5 (La.App. 1st Cir.4/1/99), 731 So.2d 502, 505, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20; cf. LSA-R.S. 13:4232.
Louisiana Revised Statute 13:4231 embraces the broad usage of the phrase "res judicata" to include both claim preclusion (res judicata) and issue preclusion (collateral estoppel). Under claim preclusion, the res judicata effect of a judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion or collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided. Hudson v. City of Bossier, 33,620, p. 7 (La.App.2d Cir.8/25/00), 766 So.2d 738, 743, writ denied, 2000-2687 (La.11/27/00), 775 So.2d 450.
Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. The res judicata doctrine must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Berrigan v. Deutsch, Kerrigan & Stiles, LLP, XXXX-XXXX, p. 5 (La.App. 4th Cir.1/2/02), 806 So.2d 163, 167, writs denied, XXXX-XXXX, XXXX-XXXX (La.4/12/02), 813 So.2d 410.
Res judicata is an objection usually raised in the trial court by a peremptory exception. Such an exception may be filed at any point in the proceedings in the trial court prior to the submission of the case for a decision. La.Code Civ. P. arts. 927 & 928. In addition, the peremptory exception may be filed in the appellate court for the first time pursuant to article 2163 of the Louisiana Code of Civil Procedure, which provides:
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for the trial of the exception.
The St. Martin Group asserts that the evidence in the record is sufficient to *714 prove all the essential elements of res judicata. In the alternative, the St. Martin Group requests that this matter be remanded to the trial court in Terrebonne Parish for a trial on the issue of res judicata.
EDC has argued that article 2163 prohibits this court from remanding the matter to the trial court for a hearing on the exception. Specifically, EDC asserts that remand is only proper when the peremptory exception pleaded is the objection of prescription. We disagree.
The first paragraph of article 2163 authorizes the appellate court to consider and rule on a peremptory exception, when proof of the ground of the exception appears of record. The second paragraph of the article allows the plaintiff to demand that the case be remanded to the trial court for a trial if the ground is prescription. This circuit has determined that once such a demand is made, the court is without discretion in remanding the matter for consideration by the trial court. Blanchard v. Southern Pacific Transportation Company, 93-1155, p. 4 (La.App. 1st Cir.4/8/94), 635 So.2d 742, 744. The Code of Civil Procedure is silent, however, as to the remand of the matter for consideration of other peremptory exceptions.
In reaching the conclusion that a remand of the matter is the best option under the circumstances of this case, we are guided by the approach taken under similar circumstances in Lewis v. Lewis, 155 La. 231, 99 So. 202 (1923),[6] wherein the Louisiana Supreme Court recognized that the plea of res judicata could be filed in the supreme court, but nevertheless remanded a motion to dismiss an appeal based on res judicata to allow the moving party to prove the finality of the underlying judgment and to allow the respondent an opportunity to contradict the facts alleged in the motion to dismiss. See also National Union Fire Insurance Company of Pittsburgh, Pa. v. Cagle, 94-322, p. 14 (La.App. 3d Cir.11/2/94), 649 So.2d 642, 651, writs denied, 94-2932 & 94-3002 (La.3/17/95), 651 So.2d 266; Stansell v. Stansell, 622 So.2d 1203, 1205 (La.App. 2d Cir.1993). We believe that the evidence in the record does not clearly prove the elements necessary to sustain the exception. It is not clear whether some or all of the property and servitudes involved in the prior suit are the same as those involved in the present suit. Therefore, we hereby remand this matter to the trial court for a hearing on whether, and to what extent, the ruling by the Jefferson Parish trial court is conclusive of this matter.

CONCLUSION
For the foregoing reasons and in the interest of justice, we remand this matter to the trial court for a trial on the peremptory exception raising the objection of res judicata filed by Michael X. St. Martin, Virginia Rayne St. Martin, and Quality Environmental Processes, Inc., but we retain jurisdiction of the appeal of the judgment on the merits pending disposition of the issue of res judicata. The costs of this appeal will be assessed once the appeal of the judgment on the merits has been considered by this court.
REMANDED; APPEAL STAYED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Quality owns a 10% interest in the mineral rights pursuant to a transfer from the St. Martins.
[3] As noted previously, Concursus Tract 1 in the instant proceeding is contained within this Protective Area.
[4] The Jefferson Parish trial court judgment, which was introduced into the appellate record of the instant proceeding by EDC, initially lists the defendants as Quality Environmental Processes, Inc., et al. Later in the judgment, however, only Quality is listed, despite the fact that the St. Martins are listed throughout the trial judge's written reasons. At oral argument before this court, the parties indicated that the trial judge had added the St. Martins' names in the judgment as defendants on motion of the St. Martin Group subsequent to the initial appeal of the merits of the matter to the Louisiana Court of Appeal, Fifth Circuit. That amendment of the judgment is now on appeal before the Fifth Circuit.
[5] The Fifth Circuit did subsequently rule on the appeal and affirmed the decision of the trial court in EDC v. Quality Environmental Processes, 2000-314 (La.App. 5th Cir.12/4/00), 777 So.2d 481, writ denied, XXXX-XXXX (La.3/9/01), 786 So.2d 734.
[6] This case applies article 902 of the former Code of Practice, the source provision for current article 2163 of the Code of Civil Procedure. The comments to article 2163 declare that this article does not change the law and simply restates the jurisprudence interpreting its source provision.