STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0429
c/w
NUMBER 2020 CA 0732

STATE OF LOUISIANA, EX REL. KENNETH JAMES GUILBEAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHISOLM TRAIL VENTURES, L.P.,
AND HESS CORPORATION, A DELAWARE CORPORATION

**Judgment Rendered:** **SEP 2 0 2021**

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit Number C661526

Honorable Donald R. Johnson, Presiding

\* \* \* \* \* \*

Victor L. Marcello
Donald T. Carmouche
John H. Carmouche
William R. Coenen, III
Brian T. Carmouche
Todd J. Wimberley
Ross J. Donnes
D. Adele Owen
Baton Rouge, LA

and

Jerold Edward Knoll, Sr.
Marksville, LA

Counsel for Plaintiff/Appellant
State of Louisiana ex rel.
Kenneth James Guilbeau

Jonathan A. Hunter
Robert B. McNeal
Elizabeth S. Wheeler
Kelly Brechtel Becker
Erin E. Bambrick
New Orleans, LA

Counsel for Defendant/Appellee
Hess Corporation

Loulan J. Pitre, Jr.
Aimee Williams Hebert
Jane A. Jackson
Rebecca M. Guidry
New Orleans, LA

and

Michael P. Cash
Houston, TX

and

Jamie D. Rhymes
Hunter A. Chauvin
Lafayette, LA

Counsel for Defendant/Appellee
Chisolm Trail Ventures, L.P.,
BEPCO, L.P. and BOPCO, L.P.

BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.

*Guidry, J. writes separately and assigns additional reasons.*

2

**GUIDRY, J.**

Plaintiff, State of Louisiana ex rel. Kenneth James Guilbeau, appeals from a trial court judgment sustaining the peremptory exception raising the objection of *res judicata* and a trial court judgment sustaining the peremptory exception raising the objection of prescription. Each judgment dismissed all claims against defendant, Hess Corporation, with prejudice. For the reasons that follow, we reverse the judgments of the trial court and remand this matter with instructions for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Guilbeau, Justin Dale Tureau, and Ritchie Grocer Company own contiguous tracts of land in Avoyelles Parish. On July 23, 2013, these three landowners filed a petition for damages in the Twelfth Judicial District Court, naming Hess as a defendant[1] and alleging that their property had been contaminated or otherwise damaged by defendant's oil and gas exploration and production activities. Plaintiffs sought damages for defendant's tortious conduct. The suit was thereafter removed to U.S. District Court for the Western District and severed into three separate actions. On August 22, 2016, the U.S. District Court dismissed Guilbeau's suit (Guilbeau I) after finding that Guilbeau lacked a right of action under applicable Louisiana law to bring such claims for pre-acquisition damage to property.

Thereafter, on August 31, 2016 and September 27, 2016, Guilbeau sent letters to the Commissioner of Conservation stating that he had conducted an environmental assessment of the property, which revealed numerous, serious violations of Statewide Order 29-B. As such, Guilbeau stated that pursuant to La. R.S. 30:16, the letter served as formal notice of regulatory violations under La. R.S.

---

[1] The petition also named BEPCO, L.P., BOPCO, L.P., Goldsberry Operating Company, Inc., and 2 H Incorporated as defendants. However, they are not at issue in the instant appeal.

3

30:14, and that if the commissioner did not take action within ten days, he would sue the responsible parties for injunctive and other appropriate relief.

When the Commissioner failed to take any action on Guilbeau's notice of violations, Guilbeau filed a petition for damages against Hess on May 9, 2017, in the Twelfth Judicial District Court, naming the plaintiff as the State of Louisiana ex rel. Guilbeau. Guilbeau asserted claims for injunctive relief and remediation under La. R.S. 30:16 for the same contamination that was the subject of Guilbeau I. The case was removed to the U.S. District Court for the Western District but was subsequently voluntarily dismissed by Guilbeau (Guilbeau II).

Thereafter, on September 15, 2017, Guilbeau filed the instant action in the Nineteenth Judicial District Court, again naming State of Louisiana ex rel. Guilbeau as the plaintiff and Hess as a defendant. The allegations contained in the instant suit are virtually identical to those contained in Guilbeau II. Particularly, Guilbeau asserted that the defendants are violating Statewide Order 29-B and other regulations and orders of the Louisiana Department of Natural Resources and Office of Conservation by failing to remediate the Guilbeau property to the standards set forth in Statewide Order 29-B. Guilbeau alleged that under La. R.S. 30:16, any violations, whether past or present, are deemed ongoing violations until the law has been complied with. Guilbeau asserted that he is a "person in interest" adversely affected by these violations and as such, sought a mandatory and prohibitive injunction ordering defendants to remediate the contamination on his property to a level that complies with applicable regulations and restraining defendants from further violating or threatening to violate the applicable regulations.

On September 20, 2019, Hess filed a peremptory exception raising the objections of res judicata and prescription. With regard to res judicata, Hess asserted that the facts alleged in the instant lawsuit were already alleged and dismissed with prejudice in 2016. Hess asserted that the August 2016 judgment

4

dismissing Guilbeau's claims is valid, final and conclusive between the same parties at issue in the instant suit. Further, Hess asserted that the factual allegations in the instant suit are identical to those alleged in the 2013 suit, and that there is no reason that Guilbeau could not have asserted his current cause of action in that initial suit.

With regard to prescription, Hess asserted that, assuming La. R.S. 30:16 permits Guilbeau to file suit to remedy historical violations that occurred decades ago, Guilbeau's claims are prescribed. Hess asserted that operations by Hess's predecessors ceased in 1971 and that Guilbeau had actual knowledge of alleged regulatory violations and resulting damage no later than July 23, 2013, when Guilbeau filed Guilbeau I. Hess asserted that suits under La. R.S. 30:16 are subject to a liberative prescriptive period of one year. In support of its assertion, Hess argued that in determining the applicable prescriptive period for the breach of a legal obligation, Louisiana courts look to the closest analogous situation provided for in the Civil Code. Hess analogized actions arising under environmental statutes to tort claims and as such, a one-year prescriptive period should apply.

Guilbeau opposed the exceptions, asserting that as to *res judicata* there was no identity of parties because Guilbeau is not appearing in the same capacity as in the prior actions. With regard to prescription, Guilbeau asserted that claims under La. R.S. 30:14 are imprescriptible and further, that a violation that has not been remedied remains a violation.

Following a hearing on the exceptions on December 16, 2019, the trial court signed a judgment on January 15, 2020, sustaining the peremptory exception raising the objection of prescription and dismissing all claims against Hess with prejudice. The trial court signed a judgment on the same date sustaining the exception raising the objection of *res judicata* and dismissing all claims against Hess with prejudice. On March 2, 2020, Guilbeau filed a motion for devolutive appeal from the trial court's judgment on prescription. On July 21, 2020, Guilbeau filed a motion for

5

devolutive appeal from the trial court's judgment sustaining the exception raising the objection of *res judicata*. Both appeals were lodged separately in this court. Hess subsequently filed an unopposed motion to consolidate the two appeals, which was granted by this court on November 20, 2020. Additionally, this court, *ex proprio motu*, issued a Rule to Show Cause, noting that the appeal from the July 15, 2020 judgment sustaining the exception raising the objection of *res judicata* appeared untimely. On October 26, 2020, a separate panel of this court issued an order maintaining the appeal. However, the final determination as to whether the appeal should be maintained was reserved for the panel to which the appeal was assigned.

## DISCUSSION

### Rule to Show Cause

As previously noted, the trial court signed two judgments on January 15, 2020, one sustaining the exception raising the objection of prescription and one sustaining the exception raising the objection of *res judicata*. Guilbeau filed a motion for appeal from the judgment relating to prescription, which was docketed as appeal number 2020CA0429. Thereafter, on July 21, 2020, Guilbeau filed a motion for appeal from the judgment sustaining the exception raising the objection of *res judicata*, which was docketed at appeal number 2020CA0732. Because the second judgment appeared untimely, having been signed on January 15, 2020, this court issued a rule to show cause as to why appeal number 2020CA0732 should not be dismissed.

In response to this court's show cause order, Guilbeau and Hess stated that they were unaware until July 2020 that the trial court had signed a second judgment sustaining the exception raising the objection of *res judicata*. This is confirmed by a joint letter sent by the parties to this court on July 14, 2020, wherein the parties stated that they had become aware after the filing of appeal number 2020CA0429 that the trial court had signed a separate, second judgment also dated January 15,

6

2020, sustaining the exception raising the objection of *res judicata*. The parties stated that they did not receive notice of this judgment until it was mailed to the parties on July 6, 2020, and stated that they would be filing a motion for devolutive appeal as to that judgment in the near future. According to the parties, notice of the *res judicata* judgment was not sent to the parties until counsel for Hess contacted the clerk of court and requested that notice be sent to the parties.

From our review of the records in this case, it is evident that there is no copy or any reference to a judgment sustaining the exception raising the objection of *res judicata* or notice to the parties thereof in the record for appeal number 2020CA0429. The judgment on the exception raising the objection of *res judicata* and notice thereof are only found in the record for appeal number 2020CA0732, despite the fact that this judgment and notices were supposedly signed the same day as the judgment on the exception raising the objection of prescription and corresponding notices of judgment. Furthermore, the notices following the judgment on the *res judicata* exception are generic and identical to the notices sent for the judgment on the prescription exception. There is no reference to a specific judgment in these notices; rather, they simply state: "YOU ARE HEREBY NOTIFIED OF THE FOLLOWING ACTION FOR THE AFOREMENTIONED CASE: THE COURT ENCLOSES A COPY OF THE SIGNED JUDGMENT (SEE DECREE)"

Counsel for Hess submitted an affidavit stating that while she was aware from reviewing the trail record online that a judgment had been signed sustaining the exception raising the objection of *res judicata* from reviewing, neither she nor counsel for Guilbeau had received notice of that judgment. Therefore, counsel stated that she contacted the clerk of court for the 19th Judicial District Court and spoke with a clerk in civil processing, who could not verify that notice of signing of the *res judicata* judgment had been mailed to the parties. As such, she stated that she

7

requested that the clerk of court issue notice of judgment, which was generated on July 6, 2020.

Therefore, considering the ambiguity in the record as to whether notice of the January 15, 2020 judgment sustaining the exception raising the objection of *res judicata* was properly sent to the parties before July 6, 2020, and the affidavit of counsel, we find that the appeal was timely and maintain the appeal.

**Prescription**

A party urging an exception raising the objection of prescription has the burden of proving facts sufficient to support the exception. Cichirillo v. Avondale Industries, Inc., 04-2894, 04-2918, p. 5 (La. 11/29/05), 917 So. 2d 424, 428. When evidence is introduced at the hearing on a peremptory exception raising the objection of prescription, the trial court's findings are reviewed under the manifest error-clearly wrong standard of review. Babineaux v. State, Department of Transportation and Development, 04-2649, p. 3 (La. App. 1st Cir. 12/22/05), 927 So. 2d 1121, 1123. However, in a case involving no dispute regarding material facts but only the determination of a legal issue, a reviewing court must apply the *de novo* standard of review, under which the trial court's legal conclusions are entitled to no deference. Shannon v. Vannoy, 17-1722, p. 9 (La. App. 1st Cir. 6/1/18), 251 So. 3d 442, 449.

In the instant case, Hess filed its exception raising the objection of prescription as to Guilbeau's claims, asserting that suits filed under La. R.S. 30:16 are subject to a liberative prescriptive period of one year. Accordingly, Hess asserted that because Guilbeau had knowledge of the alleged regulatory violations no later than July 23, 2013, any such claim under La. R.S. 30:16 had prescribed. Alternatively, Hess claimed that even if the one-year prescriptive period ran from the date the notice to the Commissioner was sent, Guilbeau's claim still was not filed within one year of the notice.

8

Although evidence was submitted in connection with the exception raising the objection of prescription, there is no dispute regarding the material facts. Rather, the court was called upon to determine a legal issue, i.e., whether the one-year prescriptive period for delictual actions applied to Guilbeau's claim brought pursuant to La. R.S. 30:16. As such, this court reviews the trial court's judgment on this issue *de novo*.

Louisiana Revised Statute 30:14 provides, in pertinent part:

Whenever it appears that a person is violating or is threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the commissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat.

\* \* \*

In this suit, the commissioner may obtain injunctions, prohibitory and mandatory, including temporary restraining orders and preliminary injunctions, as the facts warrant, including, when appropriate, injunctions restraining a person from moving or disposing of illegal oil, illegal gas, or an illegal product. ...

Further, La. R.S. 30:16 provides:

If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.

Neither of these statutes, however, set forth a prescriptive period applicable to claims brought pursuant thereto. Louisiana Civil Code article 3492 provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." However, when damage is caused to immovable property, "the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La. C.C. art. 3493.

A separate panel of this court recently addressed this identical issue in State ex rel. Tureau v. BEPCO, L.P., 21-0080, p. 10 (La. App. 1st Cir. 5/19/21) 2021 WL 1997498 *5 (unpublished opinion), wherein this court found that while the plaintiff's petition alleged that his property was damaged by the defendants, the plaintiff did not seek to recover any damages for that alleged environmental damage. Rather, this court found that plaintiff sought injunctive relief and the administrative enforcement of Statewide Order 29-B based on the Commissioner's failure to seek such relief. As such, this court found that because plaintiff's action brought pursuant to R.S. 30:16 was an administrative enforcement suit, it was not subject to the one-year libertive prescriptive period for delictual actions. See State ex rel. Tureau, 21-0080 at p. 10, 2021 WL1997498 at *5.

While we note that this court's decision in State ex rel. Tureau fails to address what prescriptive period applies to claims brought pursuant to La. R.S. 30:16, we are constrained to follow existing First Circuit jurisprudence. See Pontchartrain Natural Gas System v. Texas Brine Co., LLC, 18-0001, p. 2 (La. App. 1st Cir. 6/4/18), 253 So. 3d 156, 156, writ denied, 2018-1124 (La. 9/28/18), 253 So. 3d 147 (recognizing this court is bound by the "law of the circuit doctrine" to follow prior decisions); see also Internal Rules of Court, First Circuit Court of Appeal, Rule 2.1(d)(1); H.J. Bergeron, Inc. v. Parker, 06-1855, p. 3 n.2 (La. App. 1st Cir. 6/8/07), 964 So. 2d 1075, 1076 n.2. Therefore, based on this court's decision in State ex rel. Tureau, we find that Guilbeau's claims brought pursuant to La. R.S. 30:16 are not subject to the one-year prescriptive period applicable to delictual actions, and the trial court erred in sustaining Hess's exception raising the objection of prescription.

***Res Judicta***

*Res judicata* bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. La. R.S. 13:4231. All of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1)

the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053.

The party raising the objection of *res judicata* bears the burden of proving the essential facts to support the objection. Five N Company, LLC v. Stewart, 02-0181, p. 15 (La. App. 1st Cir. 7/2/03), 850 So. 2d 51, 60. The doctrine of *res judicata* is not discretionary and mandates that final judgments be given effect. The doctrine, however, cannot be invoked unless all of its essential elements are present. It is strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Mandalay Oil & Gas, LLC v. Energy Development, 01-0993, p. 7 (La. App. 1st Cir. 7/3/02), 867 So. 2d 709, 713.

When, as here, an objection of *res judicata* is raised before the case is submitted and evidence is received on the objection, the standard of review on appeal is traditionally manifest error. However, the *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. Pierrotti v. Johnson, 11-1317, p. 9 (La. App. 1st Cir. 3/19/12), 91 So. 3d 1056, 1063.

In the instant case, there is no dispute that the first two elements of *res judica*ta are met (i.e. the existence of a valid and final judgment). Rather, the controversy centers on whether the parties in Guilbeau I and the instant action are the same and whether the claims asserted in the instant action arise out of the same transaction or occurrence that was the subject matter of the first action.

An identity of parties exists whenever the same parties, their successors, or others appear so long as they share the same quality as parties. Five N Company, LLC, 02-0181 at p. 16, 850 So. 2d at 61. A person has the same quality when he or

11

she appears in the same capacity in both suits, or when he or she is in privy to a party in the prior suit. Burguieres, 02-1385 at p. 8 n.3, 843 So. 2d at 1054 n.3. Identity of parties depends on the circumstances of each case. Mandalay Oil & Gas, LLC, 01-0993 at p. 17 n.9, 880 So. 2d at 140 n.9.

In bringing his administrative enforcement action pursuant to La. R.S. 30:16, Guilbeau is seeking relief to which only the Commissioner is entitled. In fact, La. R.S. 30:14 and 30:16 make clear that the right to obtain an injunction restraining the continued violation of the laws of this state with respect to oil or gas, or both, lies with the Commissioner. Louisiana Revised Statute 30:16 permits any "person in interest adversely affected by the violation" to enforce the rights afforded the Commissioner pursuant to La. R.S. 30:14 to bring such an action if the interested party notifies the Commissioner and the Commissioner fails to act. However, La. R.S. 30:16 is clear that the action must be brought in the district court of any parish in which the Commissioner could have brought suit. It further provides that if injunctive relief is granted, the Commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the Commissioner had at all times been the complaining party.

Therefore, according to the plain language of La. R.S. 30:14 and 30:16, in bringing his action pursuant to La. R.S. 30:16, Guilbeau is pursuing claims that belong to the Commissioner and for which only the Commissioner is entitled to relief. As such, Guilbeau is representing the rights of the Commissioner. Conversely, in Guilbeau I, Guilbeau was pursuing property damage claims on his own behalf and for which he was seeking to recover damages owed to him. Accordingly, because Guilbeau is not appearing in the same capacity in the instant action as he was in Guilbeau I, we find that the trial court erred in sustaining Hess's exception raising the objection of *res judicata*. See Burguieres, 02-1385 at p. 9, 843 So. 2d at 1054.

12

**CONCLUSION**

For the foregoing reasons, we reverse the trial court's judgments sustaining the exception raising the objection of prescription and sustaining the exception raising the objection of *res judicata* and remand these matters to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to Hess Corporation.

**JUDGMENTS REVERSED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 CA 0429
c/w
NUMBER 2020 CA 0732

STATE OF LOUISIANA, EX REL. KENNETH JAMES GUILBEAU

VERSUS

BEPCO, L.P., BOPCO, L.P., CHISOLM TRAIL VENTURES, L.P.,
AND HESS CORPORATION, A DELAWARE CORPORATION

**GUIDRY, J., writing separately.**

I write separately from the majority opinion because, while this court is constrained to follow State ex rel. Tureau v. BEPCO, L.P., 21-0080 (La. App. 1st Cir. 5/19/21) 2021 WL 1997498 (unpublished opinion), I believe that opinion was wrongly decided.

When a statute does not set forth an applicable prescriptive period, courts examine the nature of the duty breached to determine whether the action is "contractual," falling within La. C.C. art. 3499 or "delictual," falling within La. C.C. art. 3492. DePhillips v. Hospital Service District No. 1 of Tangipahoa Parish, 19-01496, p. 6 (La. 7/9/20), __ So. 3d __; Smith v. Citadel Insurance Company, 19-00052, p. 6 (La. 10/22/19), 285 So. 3d 1062, 1067; see also Dean v. Hercules, Inc., 328 So. 2d 69, 70 (La. 1976). The classic distinction between damages ex contractu and damages ex delicto is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. DePhillips, 19-01496 at p. 6, __ So. 3d at __. It is a basic precept of Louisiana law that where an action arises out of the "breach of duty as imposed by law, the damages arose ex delicto, and [are] extinguished by the prescription of one year." DePhillips, 19-01496 at p. 7, __ So. 3d at __.

1

Louisiana Civil Code article 3492 provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." However, when damage is caused to immovable property, "the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La. C.C. art. 3493.

Upon examining Guilbeau's petition in the instant matter, Guilbeau asserts that Hess violated state law by failing to close or properly close waste pits, which resulted in contamination of Guilbeau's property in excess of state standards, and failed to remediate Guilbeau's property to the standards set forth in Statewide Order 29-B. Accordingly, while Guilbeau may be seeking injunctive relief, it is not the relief sought that characterizes the nature of the action, but it is the nature of the duty breached that is controlling. Guilbeau's petition clearly sets forth facts indicating that the basis for his action is dependent upon a determination of damage to property and Hess's breach of his statutory and/or regulatory duty to properly close its waste pits and remediate resultant contamination. See LAC 43:XIX.307, LAC 43:XIX.311, LAC 43:XIX.313. Therefore, because Guilbeau's claims are delictual in nature, they are subject to a one-year prescriptive period.[1]

Guilbeau previously filed two actions based on the same actions alleged by Hess in the instant case. In fact, in Guilbeau I, filed on July 23, 2013, Guilbeau specifically referenced violation of Statewide Order 29-B and stated that "[t]he defendants' violation of their regulatory obligation under Statewide order 29-B and

---

[1] We note that Guilbeau relies on dicta in Marin v. Exxon Mobil Corporation, 09-2368, p. 32 n.18 (La. 10/19/10), 48 So. 3d 234, 256 n.18 and Eagle Pipe & Supply, Inc. v. Amerada Hess Corp., 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p. (La. 10/25/11), 79 So. 3d 246, 276 to support his argument that claims brought pursuant to La. R.S. 30:16 are not subject to a one-year liberative prescriptive period. However, the supreme court in those cases, in addressing the subsequent purchaser rule, merely stated that claims for remediating property are an additional basis for property owners to seek relief in light of the seemingly harsh subsequent purchaser rule. The supreme court did not address the issue of prescription or the character of those claims. As such, we find the dicta from those cases inapplicable to the limited issue before this court.

2

other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort." However, it was not until August 31, 2016, that Guilbeau sent a letter to the Commissioner notifying him of regulatory violations. Guilbeau did not file the instant action until September 15, 2017. Therefore, Guilbeau did not file his claim under La. R.S. 30:16 until over four years after he was aware of Hess's violation of Statewide order 29-B. Additionally, even if his cause of action did not accrue until he first notified the Commissioner and the Commissioner refused to act, his claim was still not filed within one year of that notice.

Therefore, because Guilbeau failed to file the instant action within the one-year prescriptive period, his action under La. R.S. 30:16 is prescribed.