**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0983

DEBBIE CADE VIENNE, CADE'S PHARMACY, LLC, KYLE STEVENS, PHARMACY CENTRAL, LLC, DAVID OSBORN, OSBORN ENTERPRISES, LLC, ORLANDO PALMER, AND PARKER'S PHARMACY AND PHARMPLUS CBD, LLC

VERSUS

THE STATE OF LOUISIANA THROUGH THE OFFICE OF THE GOVERNOR, DIVISION OF ADMINISTRATION, OFFICE OF GROUP BENEFITS, AND JAY DARDENNE, IN HIS OFFICIAL CAPACITY AS LOUISIANA COMMISSIONER OF ADMINISTRATION

Judgment Rendered: **MAY 3 1 2024**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C726989, Sec. 23

The Honorable Kelly E. Balfour, Judge Presiding

* * * * *

Catherine M. Maraist
Danielle L. Borel
Karl Koch
Baton Rouge, Louisiana

Attorneys for Plaintiffs/Defendants-in Reconvention/Appellants
Debbie Cade Vienne, *et al.*

Larry E. Demmons
Metairie, Louisiana
A.J. Herbert, III
Jennifer Herbert
New Orleans, Louisiana

Attorneys for Intervenor/Appellee
CaremarkPCS Health, LLC

J. Wendell Clark
Mark L. Barbre
J. Weston Clark
Mary Eliza Baker
Baton Rouge, Louisiana

Attorneys for Defendants/Plaintiffs-in Reconvention/Appellees
State of Louisiana, through the Office of the Governor, Division of Administration, Office of Group Benefits, and Jay Dardenne, in his Official Capacity as the Louisiana Commissioner of Administration

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

Welch J. concurs without reasons

**STROMBERG, J.**

The plaintiffs appeal from a judgment denying their motion for a preliminary injunction. The defendants and intervenor answered the appeal and seek a modification of another interlocutory judgment, alleging that the trial court erred in overruling their respective peremptory exceptions raising the objections of *res judicata*, no right of action, and no cause of action, and declinatory exceptions raising the objections of *lis pendens* and lack of subject matter jurisdiction. Additionally, the defendants filed a peremptory exception raising the objection of *res judicata* with this court. For the reasons that follow, we affirm, deny the answers to the appeal, and overrule the exception of *res judicata*.

## FACTS AND PROCEDURAL HISTORY

A contract between the Louisiana Office of Group Benefits (OGB) and CaremarkPCS Health, LLC (Caremark) is the basis of this litigation. The plaintiffs, Debbie Cade Vienne, Cade's Pharmacy, LLC, Kyle Stevens, Pharmacy Central, LLC, David Osborn, Osborn Enterprises, LLC, Orlando Palmer, and Parker's Pharmacy and PharmplusCBD, LLC, are independent pharmacists and independent community retail pharmacies operating in the State of Louisiana.

On December 21, 2022, the plaintiffs filed a petition for injunctive relief and request for a temporary restraining order, naming as defendants the State of Louisiana through the Office of the Governor, Division of Administration, OGB, and Jay Dardenne, in his official capacity as the Commissioner of Administration for the State of Louisiana. In their petition, the plaintiffs sought injunctive relief to prevent the defendants from proceeding with the proposed Caremark contract between OGB and Caremark related to the operation of OGB's pharmacy benefits program. The plaintiffs alleged that the defendants were proceeding with the contract without the final approval of the Joint Legislative Committee on the Budget

as mandated by La. R.S. 42:802(D)(1).[1] The plaintiffs further alleged that although they were not required to prove that they would suffer irreparable harm without obtaining injunctive relief, each of the plaintiffs would suffer irreparable harm. The trial court signed an order granting the plaintiffs a temporary restraining order, which blocked implementation of the Caremark contract while the temporary restraining order was pending.

On December 27, 2022, Caremark filed a petition to intervene in the matter, and the plaintiffs filed an amended and supplemental petition for injunctive relief, adding as plaintiffs Dr. Eric Peters and P&C Healthcare, LLC d/b/a Lagniappe Pharmacy 3. That same day, OGB and Jay Dardenne filed a peremptory exception raising the objections of no cause of action and no right of action. OGB and Jay Dardenne argued that the plaintiffs failed to state a cause of action because La. R.S. 42:802(D)(1) did not apply to the Caremark contract. Specifically, they argued that the Caremark contract was a consulting service contract that was not governed by La. R.S. 42:802(D)(1). After numerous exceptions[2] were filed in this matter, a hearing was held on December 28, 2022, wherein the trial court granted the peremptory exception raising the objection of no cause of action and dismissed the

---

[1] Louisiana Revised Statutes 42:802(D)(1) provides, in pertinent part:

> [A]ny new plan of benefits or the annual plan of benefits submitted under the direction of the commissioner of administration for the life, health, or other benefit programs offered through the [OGB] or any professional, personal, and social services contracts other than contracts for legal services or actuarial services negotiated through the [OGB] under the provisions of Chapter 17 of Subtitle III of Title 39 of the Louisiana Revised Statutes of 1950 as provided in Subsection A and Paragraph (B)(8) of this Section or any contracts in connection therewith shall be subject to review and final approval by the Joint Legislative Committee on the Budget.

[2] On December 28, 2022, Caremark filed a peremptory exception raising the objections of no cause of action and *res judicata*, a declinatory exception raising the objection of *lis pendens*, and a dilatory exception raising the objection of improper joinder of parties. On December 28, 2022, OGB and Jay Dardenne also filed a declinatory exception raising the objection of *lis pendens* and a peremptory exception raising the objection of *res judicata*.

3

plaintiffs' case.[3] On January 19, 2023, the trial court signed a judgment in accordance with its oral ruling, granting OGB, Jay Dardenne, and Caremark's peremptory exceptions raising the objection no cause of action, and dismissing all of the claims asserted by the plaintiffs against them. The trial court's January 19, 2023 judgment further granted Caremark's petition for intervention, permitted the plaintiffs to amend their petition within seven days of the judgment, and dissolved the temporary restraining order it issued on December 21, 2022.

On January 27, 2023, the plaintiffs filed a second supplemental petition for injunctive relief. In their petition, the plaintiffs alleged all of the same claims, facts, and prayers for relief set forth in their original petition, except for the request for a temporary restraining order.[4] The plaintiffs alleged that the Caremark contract was for a health care plan or system, health care service, benefits program, or other plan or program authorized by law. The plaintiffs argued that the contract was within the scope of authority granted to OGB by La. R.S. 42:802(B)(8)(d), which requires approval from certain legislative committees before OGB could lawfully enter into the Caremark contract.[5] Because legislative approval was not acquired before the parties entered into the Caremark contract, the plaintiffs requested a judgment granting a preliminary injunction in their favor prohibiting the defendants from taking any action to proceed with the contract.

---

[3] The record does not contain a transcript of the December 28, 2022 hearing.

[4] The plaintiffs requested that after further proceedings, there be a judgment granting a permanent injunction in their favor.

[5] Louisiana Revised Statutes 42:802(B)(8)(d) provides:

> Any such contract shall be subject to review and final approval by the appropriate standing committees of the legislature having jurisdiction over review of agency rules by [OGB] as designated by [La.] R.S. 49:966(B)(21)(c), or the subcommittees on oversight of such standing committees, and the office of state procurement of the division of administration.

4

On February 13, 2023, Caremark filed a peremptory exception raising the objections of no cause of action and nonjoinder of a party, and a declinatory exception raising the objection of *lis pendens*. In support of its objection of *lis pendens*, Caremark argued that the instant matter arose out of the same transaction or occurrence involved in Wixson v. State Through Office of Governor, 2023-0054 (La. App. 1 Cir. 10/20/23), 377 So.3d 701. Caremark argued that both this case and Wixson addressed the validity of the Caremark contract and sought to stop Jay Dardenne from executing and implementing the contract. In support of its objection of no cause of action, Caremark argued that "much like [the plaintiffs'] previously rejected argument related to La. R.S. 42:802(D)(1), [the p]laintiffs now contend that OGB and [Jay] Dardenne [were] in violation of La. R.S. 42:802(B)(8)(d), which purportedly require[d] OGB contracts to obtain approval from ... standing committees of the legislature[.]" Caremark argued that La. R.S. 42:802(B)(8)(d) did not provide the plaintiffs relief; therefore their cause of action must be dismissed. In support of its objection of nonjoinder of a party, Caremark argued that it should have been joined as a party to this proceeding pursuant to La. C.C.P. art. 641[6] because it was a necessary party. Caremark asserted that "because [the] [p]laintiffs' prior and current requests for injunctive relief [sought] to block implementation and performance of Caremark's ... contract with OGB, Caremark was unquestionably required to be named as a defendant in this case pursuant to [La. C.C.P. art.] 641."

---

[6] Louisiana Code of Civil Procedure article 641 provides:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

5

On March 7, 2023, OGB and Jay Dardenne filed a declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction,[7] and a peremptory exception raising the objections of *res judicata*, no right of action, and no cause of action. In support of their exceptions of *lis pendens* and *res judicata*, OGB and Jay Dardenne argued that this matter and Wixson arose out of the same transaction and occurrence and involved "virtually the same demands for relief by parties related to and asserting identical interests[.]" For this reason, OGB and Jay Dardenne argued that this case should be dismissed. OGB and Jay Dardenne further argued that the plaintiffs had no right of action under the Caremark contract because the plaintiffs were not parties to the contract and had no cause of action for the relief claimed because La. R.S. 42:802(B)(8)(d) did not apply to the contract at issue.

On March 7, 2023, OGB and Jay Dardenne filed an answer to the plaintiffs original, first amended and supplemental, and second supplemental petition for injunctive relief, which generally denied the majority of the plaintiffs' allegations, asserted several affirmative defenses, and raised a reconventional and third party demands for declaratory judgment, preliminary injunction, and permanent injunction.

On March 20, 2023 the trial court held a hearing on the various exceptions[8] filed by the parties. After hearing arguments from the parties, the trial court denied

---

[7] We note that 2023 La. Acts, No. 5, § 1 (eff. Aug. 1, 2023) deleted the objection of lack of subject matter jurisdiction from the objections raised through a declinatory exception and added it to the list of peremptory exceptions found in La. C.C.P. art. 927. See La. C.C.P. art. 925, Official Revision Comments – 2023; see also VCS, LLC v. Louisiana Department of Economic Development, 2023-0548 (La. App. 1 Cir. 11/9/23), 379 So.3d 54, 58 n.3.

[8] On March 20, 2023, defendants-in-reconvention, the State of Louisiana, Louisiana Legislature, Senate and House of Representatives, Joint Legislative Committee, Senate Finance Committee, and House Appropriations Committee, through Jeff Landry in his official capacity as the Attorney General of the State of Louisiana, filed exceptions to the reconventional and third-party demands filed by OGB and Jay Dardenne. These exceptions included a declinatory exception raising the objections of lack of subject matter jurisdiction, insufficiency of citation, insufficiency of service of process, and *lis pendens*, as well as a dilatory exception raising the objection of unauthorized use of summary proceeding, and a peremptory exception raising the objection of no cause of action.

all of the exceptions.[9]  On March 21, 2023, the trial court held a hearing on the plaintiffs' second supplemental petition for injunctive relief.  The parties stipulated the following at the hearing: "THE CAREMARK CONTRACT, WHICH IS EXHIBIT-2 IN THIS CASE, WAS NEVER SUBMITTED TO THE HOUSE APPROPRIATIONS COMMITTEE OR THE SENATE FINANCE COMMITTEE, WAS NEVER REQUESTED TO BE SUBMITTED TO EITHER OF THOSE COMMITTEES[,] AND WAS NEVER APPROVED BY EITHER OF THOSE COMMITTEES."  After testimony was heard and evidence was submitted, the trial court denied the plaintiffs' request for injunctive relief.

On June 12, 2023, the trial court signed a judgment denying Caremark's peremptory exception raising the objections of no cause of action and non-joinder of a party, and denying its declinatory exception raising the objection of *lis pendens*. The June 12, 2023 judgment also denied OGB and Jay Dardenne's peremptory exception raising the objections of no cause of action, no right of action, *res judicata*, and declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction.  On June 12, 2023, the trial court also signed a judgment denying the plaintiffs' request for a preliminary injunction.  Subsequently, the plaintiffs appealed the trial court's judgment denying their request for a preliminary injunction.

After the appeal was lodged with this court, on October 24, 2023, OGB and Jay Dardenne filed an answer to the appeal, requesting that this court review the trial court's denial of its declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction, and peremptory exception raising the objections of *res judicata*, no right of action, and no cause of action.  On October 24, 2023, Caremark also filed an answer to the appeal, requesting that this court grant its

---

[9] The record does not contain a transcript of the March 20, 2023 hearing.

peremptory exception raising the objection of no cause of action and declinatory exception raising the objection of *lis pendens*.

On January 18, 2024, OGB and Jay Dardenne filed a peremptory exception raising the objection of *res judicata* with this court. OGB and Jay Dardenne argued that this court's decision in <u>Wixson</u> affirmed the dismissal of the similarly-situated plaintiffs' claims as in this case. OGB and Jay Dardenne asserted that because <u>Wixson</u> was final, the plaintiffs' claims in this case were barred by *res judicata* and must be dismissed. The plaintiffs opposed OGB and Jay Dardenne's peremptory exception raising the objection of *res judicata*, arguing that their claims were not barred by <u>Wixson</u> because the parties were not the same. The plaintiffs argued that all the elements of *res judicata*, including identity of parties, must be satisfied for their suit to be precluded. See <u>Carollo v. Department of Transportation and Development</u>, 2021-01670 (La. 9/1/22), 346 So.3d 751, 753-54. Therefore, the plaintiffs argued that the peremptory exception raising the objection of *res judicata* should be denied.

## APPLICABLE LAW

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. <u>See</u> La. C.C.P. art. 3601(A). The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. <u>Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa</u>, 2004-0270 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 664. Generally, irreparable injury means a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. <u>Louisiana Vaping Association v. Department of Revenue</u>,

8

2020-0816 (La. App. 1 Cir. 2/19/21), 318 So.3d 221, 225, writ denied, 2021-00415 (La. 5/11/21), 315 So.3d 869; Concerned Citizens, 906 So.2d at 664.

A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1, 2018-1759 (La. App. 1 Cir. 1/16/20), 295 So.3d 954, 957-58 (en banc), writ denied, 2020-00977 (La. 11/4/20), 303 So.3d 650. A preliminary injunction is issued in summary proceedings incidental to the main demand for permanent injunctive relief. Concerned Citizens, 906 So.2d at 664. Generally, a party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case. Id. However, a petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. Davenport v. Chew, 2023-0036 (La. App. 1 Cir. 9/15/23), 375 So.3d 973, 976.

Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B); Hill v. Jindal, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, writ denied, 2015-1394 (La. 10/23/15), 179 So.3d 600. Appellate review of a trial court's issuance of a preliminary injunction is limited. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. Neill Corp. v. Shutt, 2020-0269 (La. App. 1 Cir. 1/25/21), 319 So.3d 872, 878.

9

## DISCUSSION

The only issue before this court is whether the trial court erred in denying the plaintiffs' request for a preliminary injunction. The plaintiffs claim that they are entitled to a preliminary injunction prohibiting OGB from contracting with Caremark to provide healthcare services to OGB's plan beneficiaries. The plaintiffs argue that the trial court's denial of their preliminary injunction was in error because La. R.S. 42:802(B)(8)(d) requires healthcare services contracts to obtain final approval from certain standing legislative committees before those contracts can be implemented. Specifically, the plaintiffs argue that La. R.S. 42:802 sets forth the powers and duties of OGB. According to the plaintiffs, La. R.S. 42:802(B)(8) is the statutory section that authorizes OGB to enter into contracts for health care services. In support of their argument, the plaintiffs rely on La. R.S. 42:802(B)(8)(d), which provides "[a]ny such contract shall be subject to review and final approval by the appropriate standing committees of the legislature having jurisdiction over review of agency rules by [OGB] as designated by [La.] R.S. 49:966(B)(21)(c) ... ." Thus, the plaintiffs argue that La. R.S. 42:802(B)(8)(d) requires OGB to have any health services contract reviewed and approved by the Office of Procurement, as well as the standing legislative committees.

OGB, Jay Dardenne, and Caremark (the defendants) counter argue that the plaintiffs are not entitled to a preliminary injunction because La. R.S. 42:802(B)(8)(d) does not apply to the Caremark contract. The defendants argue that the Caremark contract is a "consulting service contract" not a contract for "healthcare services." Therefore, the defendants argue that the Caremark contract is not governed by La. R.S. 42:802(B)(8)(d). The defendants further argue that the plaintiffs failed to show that they suffered irreparable harm or failed to show that they are excused from making such a showing. The defendants assert that the

plaintiffs' claim that they suffered financial losses evidences that their damages are capable of being compensated monetarily, which is not appropriate for injunctive relief. Thus, the defendants argue that the plaintiffs failed to demonstrate that they were likely to prevail on the merits of their claims, precluding injunctive relief in their favor.

The determination of whether the Caremark contract falls under La. R.S. 42:802(B)(8)(d) should be made at a trial on the merits. Therefore, we find that the trial court did not abuse its discretion in denying the plaintiffs' preliminary injunction based on its finding that the plaintiffs failed to carry their burden of proving that they were entitled to injunctive relief as a matter of law or that they would likely prevail on the merits. See Zachary Mitigation Area, LLC v. Tangipahoa Parish Council, 2016-1675 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 691-92.

The merits of an action may be decided during an interlocutory proceeding only when the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction. See City of Baton Rouge v. State, ex rel. Dept. of Social Services, 2007-0005 (La. App. 1 Cir. 9/14/07), 970 So.2d 985, 995; see also Transworld Drilling Co. v. Texas General Petroleum Co., 517 So.2d 1262, 1263 (La. App. 4 Cir. 1987) ("The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties.") The record in the instant matter reveals that there was no stipulation between the parties agreeing to dispose of the entirety of the case during the preliminary injunction proceeding. See Zachary Mitigation Area, LLC, 231 So.3d at 692.

11

## EXCEPTION OF *RES JUDICATA*

OGB and Jay Dardenne filed a peremptory exception raising the objection of *res judicata* with this court. The peremptory exception raising the objection of *res judicata* is based on the conclusive legal presumption that there should be no re-ligitation of a thing previously adjudged between the same parties. Pirosko v. Pirosko, 2022-1000 (La. App. 1 Cir. 2/24/23), 361 So.3d 1011, 1017. *Res judicata* bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. Id. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception must be overruled and the second lawsuit maintained. Davis v. J.R. Logging, Inc., 2013-0568 (La. App. 1 Cir. 11/8/13), 136 So.3d 828, 830, writ denied, 2014-0860 (La. 6/20/14), 141 So.3d 812. The standard of review of a peremptory exception pleading *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect. Myers v. National Union Fire Ins. Co. of Louisiana, 2009-1517 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 210, writ denied, 2010-2049 (La. 11/12/10), 49 So.3d 892. Since evidence has already been submitted in the instant case, and the trial court has made its ruling based upon this evidence, we have before us a question of law where a *de novo* review is the appropriate standard of review. Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc., 2016-0230 (La. App. 1 Cir. 4/12/17), 219 So.3d 349, 365, writ denied, 2017-00915 (La. 10/9/17), 227 So.3d 833.

Louisiana Revised Statutes 13:4231 sets forth the general principles for *res judicata* and provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

12

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under this provision, the Louisiana Supreme Court has emphasized that all of the following elements **must** be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053; Pirosko, 361 So.3d at 1017-18. The parties are the same for the purposes of *res judicata* only when they appear in the same capacities in both suits. Burguieres, 843 So.2d at 1054.

The doctrine of *res judicata* must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993 (La. App. 1 Cir. 7/3/02), 867 So.2d 709, 713. The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. Cadle Company, II, Inc. v. Linder, 2021-1361 (La. App. 1 Cir. 8/24/22), 348 So.3d 784, 788 n.3, writ denied, 2022-01437 (La. 11/22/22), 350 So.3d 501. Further, the *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo.* Id. at 788 n.4.

13

Based on our *de novo* review of the record, it appears that the parties in the Wixson suit and the parties in the instant matter are not the same. For purposes of *res judicata*, an identity of parties exists whenever the same parties, their successors, or others appear, so long as they share the same quality as parties. Capital One, N.A. v. Service Door & Millwork, LLC, 2011-0691 (La. App. 1 Cir. 11/9/11), 2011 WL 5420374, *3 (unpublished) citing Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993 (La. App. 1 Cir. 8/4/04), 880 So.2d 129, 140, writ denied, 2004-2426 (La. 1/28/05), 893 So.2d 72. Jurisprudence does not require that the parties in the two lawsuits be physically identical as long as they share the same quality as parties. Capital One, N.A., 2011 WL 5420374 at *3. In considering whether an identity of parties exists for *res judicata* purposes, the preclusive effect of a judgment binds the parties to the action, as well as those nonparties who are deemed "privies" of the parties in circumstances where "the nonparty's interests were adequately represented by a party to the action, who may be considered the 'virtual representative' of the nonparty, because the interests of the party and the nonparty are so closely aligned." Mandalay Oil & Gas, L.L.C., 880 So.2d at 142. Furthermore, because *res judicata* is to be strictly construed, any doubt concerning its applicability must be resolved against the party raising the objection. Mandalay Oil & Gas, L.L.C., 867 So.2d at 713.

In this case, it is undisputed that none of the Wixson plaintiffs are parties in the instant matter except the Louisiana Independent Pharmacies Association, Inc. However, OGB and Jay Dardenne contend that all of the parties in this case and Wixson are the same for purposes of *res judicata* because they have the same "capacity" and "quality" as the plaintiffs in both suits and assert the same interests as the independent pharmacists and pharmacies. For purposes of *res judicata*, there exists an identity of parties whenever the same parties, their successors, or others

14

appear so long as they share the same "quality" as parties, *i.e.*, so long as they are the same in the legal sense of the word. Joseph v. Huntington Ingalls Incorporated, 2018-02061, (La. 1/29/20), 347 So.3d 579, 584. The legal requirement of identity of parties is met where successors or privies of the original parties assert rights derived therefrom. Id. In connection with the doctrine of *res judicata*, a "privy" is "one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase or assignment." Five N Company, L.L.C. v. Stewart, 2002-0181 (La. App. 1 Cir. 7/2/03), 850 So.2d 51, 61.

After our *de novo* review of the record, we cannot say that the plaintiffs in the instant matter have the same capacity and/or quality as the plaintiffs in the Wixson suit such that they should be treated as the same party for purposes of *res judicata*. While the plaintiffs in Wixson and the plaintiffs in the instant matter are challenging the same Caremark contract, we find that their common interest in terminating the contract for violations of statutory law is insufficient to establish that their interests are so closely aligned that they have identical interests warranting *res judicata*. The plaintiffs are not successors of the plaintiffs in Wixson nor are the plaintiffs in this case the legal representatives of the plaintiffs in Wixson. Moreover, any doubt as to the identity of parties must be resolved against the application of *res judicata*. Therefore, the element that the parties must be the same for *res judicata* is not met, and *res judicata* does not apply to this case.

**THE DEFENDANTS' ANSWERS TO APPEAL**

The defendants filed answers to the appeal pursuant to La. C.C.P. art. 2133. When an unrestricted appeal is taken from a final judgment, an appellee may seek review of all adverse interlocutory rulings by filing an answer to the appeal. See La. C.C.P. art. 2133(A); Thompson v. Center for Pediatric and Adolescent Medicine,

15

L.L.C., 2017-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 447 n.2, writ denied, 2018-0583 (La. 6/1/18), 243 So.3d 1062. Under La. C.C.P. art. 2133, the answer to the appeal must state what the "relief demanded" is, and the answer operates as an appeal only from those matters "of which he complains in his answer." Stevens v. St. Tammany Parish Government, 2017-0959 (La. App. 1 Cir. 7/18/18), 264 So.3d 456, 466, writ denied, 2018-2062 (La. 2/18/19), 265 So.3d 773. The substantive and procedural effect of an answer to an appeal is the same as an appeal. Succession of Poole, 2015-1317 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 26.

The defendants argue that the trial court erred in denying their exceptions. We find this argument to be without merit. In Ciolino v. Castiglia, 446 So.2d 1366, 1369-71 (La. App. 1 Cir. 1984), this court declined to address different exceptions raised in connection with the appeal of an injunction under La. C.C.P. art. 3612. In Ciolino, this court stated:

> The ruling on the exception ... cannot be contested as part of the appeal from the judgment on the preliminary injunction. Interlocutory judgments affecting exceptions which do not involve irreparable injury may only be raised with an appeal from a final judgment. Although the preliminary injunction judgment is appealable (La. C.C.P. art. 3612), it is still an interlocutory judgment. Further, La. C.C.P. art. 3612 does not authorize appellate review of interlocutory judgments affecting exceptions with an appeal from a judgment on a preliminary injunction. [Internal citations omitted.]

As the judgment denying the plaintiffs' preliminary injunction is an interlocutory judgment, which is appealable only under La. C.C.P. art. 3612, and not a final judgment, the defendants' request for this court to review the denial of their exceptions cannot be considered as part of this appeal. Therefore, this court is of the opinion that appellate review of the trial court's interlocutory judgment overruling the various exceptions raised by the appellees is improper at this time. See Hill, 175 So.3d at 998 n.15.

## CONCLUSION

For the above reasons, we affirm the trial court's June 12, 2023 judgment that denied the plaintiffs' request for a preliminary injunction. All costs of this appeal are assessed to the plaintiffs, Debbie Cade Vienne, Cade's Pharmacy, LLC, Kyle Stevens, Pharmacy Central, LLC, David Osborn, Osborn Enterprises, LLC, Orlando Palmer, Parker's Pharmacy and PharmplusCBD, LLC, Dr. Eric Peters, and P&C Healthcare, LLC d/b/a Lagniappe Pharmacy 3.

**AFFIRMED; EXCEPTION OF *RES JUDICATA* OVERRULED; ANSWERS TO APPEAL DENIED.**

17



**Office Of The Clerk**

# Court of Appeal, First Circuit

State of Louisiana
www.la-fcca.org

**Rodd Naquin**
**Clerk of Court**

**Post Office Box 4408**
**Baton Rouge, LA**
**70821-4408**
**(225) 382-3000**

## Notice of Judgment and Disposition

May 31, 2024

Docket Number: 2023 - CA - 0983

Debbie Cade Vienne, Cade's Pharmacy, LLC, Kyle Stevens, Pharmacy Central, LLC, David Osborn, Osborn Enterprises, LLC, Orlando Palmer, and Parker's Pharmacy and Pharmplus CBD, LLC

versus

The State of Louisiana through the Office of the Governor, Division of Administration, Office of Group Benefits, and Jay Dardenne, in his official capacity as Louisiana Commissioner of Administration

TO:

A.J. Hebert III
2100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Angelique Duhon Freel
Louisiana Department of Jus
Assistant Attorney General
P.O. Box 94005
Baton Rouge, LA
70804-9005
freela@ag.state.la.us

Hon Kelly Balfour
300 North Boulevard
Suite 10401
Baton Rouge, LA 70801

Carey Thompson Jones
P.O.Box 94005
Baton Rouge, LA
70804-9005
JonesCar@ag.louisiana.gov

Craig P. Cassagne
P.O. Box 94005
Baton Rouge, LA 70802
CassagneC@ag.louisiana.go

David Jeddie Smith Jr.
1885 N. 3rd Street
Baton Rouge, LA 70802
smithda@ag.louisiana.gov

Emily G. Andrews
P.O. Box 94005
Baton Rouge, LA 70802

J. Weston Clark
1800 City Farm Dr., Bldg.6
Baton Rouge, LA 70806
wjc@longlaw.com

James Wendell Clark
1800 City Farm Drive
Bldg 6
Baton Rouge, LA 70809
JWC@longlaw.com

Jennifer Warden Hebert
2100 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Larry Edward Demmons
The Demmons Law Firm, LL(
3300 West Esplanade Avenu
Suite 601
Metairie, LA 70002
larry@demmonslaw.com

Mark Edward Van Horn
1100 Poydras Street
Suite 2100
New Orleans, LA 70163
2100
mvanhorn@taggartmorton.co

Mark L. Barbre
1800 City Farm Drive
Bldg 6
Baton Rouge, LA 70806
mlb@longlaw.com

Mary Eliza Baker
1800 City Farm Drive, Buildin
Baton Rouge, LA 70806

Catherine Minter Maraist Es(
One American Place, 23rd Fl
Post Office Box 3197
Baton Rouge, LA
70821-3197
Catherine.maraist@bswllp.co

Danielle L. Borel
P.O. Box 3197
Baton Rouge, LA 70825
Danielle.Borel@bswllp.com

Karl J. Koch
8702 Jefferson Highway
Suite B
Baton Rouge, LA 70809
karl@kochlawyer.com

In accordance with Local Rule 6 of the Court of Appeal, First Circuit, I hereby certify that this notice of judgment and disposition and the attached disposition were transmitted this date to the trial judge or equivalent, all counsel of record, and all parties not represented by counsel.

RODD NAQUIN
CLERK OF COURT

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 0983

DEBBIE CADE VIENNE, CADE'S PHARMACY, LLC, KYLE STEVENS, PHARMACY CENTRAL, LLC, DAVID OSBORN, OSBORN ENTERPRISES, LLC, ORLANDO PALMER, AND PARKER'S PHARMACY AND PHARMPLUS CBD, LLC

VERSUS

THE STATE OF LOUISIANA THROUGH THE OFFICE OF THE GOVERNOR, DIVISION OF ADMINISTRATION, OFFICE OF GROUP BENEFITS, AND JAY DARDENNE, IN HIS OFFICIAL CAPACITY AS LOUISIANA COMMISSIONER OF ADMINISTRATION

Judgment Rendered: _____ **MAY 3 1 2024**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C726989, Sec. 23

The Honorable Kelly E. Balfour, Judge Presiding

* * * * *

Catherine M. Maraist
Danielle L. Borel
Karl Koch
Baton Rouge, Louisiana

Attorneys for Plaintiffs/Defendants-in
Reconvention/Appellants
Debbie Cade Vienne, *et al.*


Larry E. Demmons
Metairie, Louisiana
A.J. Herbert, III
Jennifer Herbert
New Orleans, Louisiana

Attorneys for Intervenor/Appellee
CaremarkPCS Health, LLC


J. Wendell Clark
Mark L. Barbre
J. Weston Clark
Mary Eliza Baker
Baton Rouge, Louisiana

Attorneys for Defendants/Plaintiffs-in
Reconvention/Appellees
State of Louisiana, through the Office of the
Governor, Division of Administration,
Office of Group Benefits, and Jay Dardenne,
in his Official Capacity as the Louisiana
Commissioner of Administration

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

Welch, J. concurs without reasons

**STROMBERG, J.**

The plaintiffs appeal from a judgment denying their motion for a preliminary injunction. The defendants and intervenor answered the appeal and seek a modification of another interlocutory judgment, alleging that the trial court erred in overruling their respective peremptory exceptions raising the objections of *res judicata*, no right of action, and no cause of action, and declinatory exceptions raising the objections of *lis pendens* and lack of subject matter jurisdiction. Additionally, the defendants filed a peremptory exception raising the objection of *res judicata* with this court. For the reasons that follow, we affirm, deny the answers to the appeal, and overrule the exception of *res judicata*.

## FACTS AND PROCEDURAL HISTORY

A contract between the Louisiana Office of Group Benefits (OGB) and CaremarkPCS Health, LLC (Caremark) is the basis of this litigation. The plaintiffs, Debbie Cade Vienne, Cade's Pharmacy, LLC, Kyle Stevens, Pharmacy Central, LLC, David Osborn, Osborn Enterprises, LLC, Orlando Palmer, and Parker's Pharmacy and PharmplusCBD, LLC, are independent pharmacists and independent community retail pharmacies operating in the State of Louisiana.

On December 21, 2022, the plaintiffs filed a petition for injunctive relief and request for a temporary restraining order, naming as defendants the State of Louisiana through the Office of the Governor, Division of Administration, OGB, and Jay Dardenne, in his official capacity as the Commissioner of Administration for the State of Louisiana. In their petition, the plaintiffs sought injunctive relief to prevent the defendants from proceeding with the proposed Caremark contract between OGB and Caremark related to the operation of OGB's pharmacy benefits program. The plaintiffs alleged that the defendants were proceeding with the contract without the final approval of the Joint Legislative Committee on the Budget

as mandated by La. R.S. 42:802(D)(1).[1] The plaintiffs further alleged that although they were not required to prove that they would suffer irreparable harm without obtaining injunctive relief, each of the plaintiffs would suffer irreparable harm. The trial court signed an order granting the plaintiffs a temporary restraining order, which blocked implementation of the Caremark contract while the temporary restraining order was pending.

On December 27, 2022, Caremark filed a petition to intervene in the matter, and the plaintiffs filed an amended and supplemental petition for injunctive relief, adding as plaintiffs Dr. Eric Peters and P&C Healthcare, LLC d/b/a Lagniappe Pharmacy 3. That same day, OGB and Jay Dardenne filed a peremptory exception raising the objections of no cause of action and no right of action. OGB and Jay Dardenne argued that the plaintiffs failed to state a cause of action because La. R.S. 42:802(D)(1) did not apply to the Caremark contract. Specifically, they argued that the Caremark contract was a consulting service contract that was not governed by La. R.S. 42:802(D)(1). After numerous exceptions[2] were filed in this matter, a hearing was held on December 28, 2022, wherein the trial court granted the peremptory exception raising the objection of no cause of action and dismissed the

---

[1] Louisiana Revised Statutes 42:802(D)(1) provides, in pertinent part:

> [A]ny new plan of benefits or the annual plan of benefits submitted under the direction of the commissioner of administration for the life, health, or other benefit programs offered through the [OGB] or any professional, personal, and social services contracts other than contracts for legal services or actuarial services negotiated through the [OGB] under the provisions of Chapter 17 of Subtitle III of Title 39 of the Louisiana Revised Statutes of 1950 as provided in Subsection A and Paragraph (B)(8) of this Section or any contracts in connection therewith shall be subject to review and final approval by the Joint Legislative Committee on the Budget.

[2] On December 28, 2022, Caremark filed a peremptory exception raising the objections of no cause of action and *res judicata*, a declinatory exception raising the objection of *lis pendens*, and a dilatory exception raising the objection of improper joinder of parties. On December 28, 2022, OGB and Jay Dardenne also filed a declinatory exception raising the objection of *lis pendens* and a peremptory exception raising the objection of *res judicata*.

3

plaintiffs' case.[3]  On January 19, 2023, the trial court signed a judgment in accordance with its oral ruling, granting OGB, Jay Dardenne, and Caremark's peremptory exceptions raising the objection no cause of action, and dismissing all of the claims asserted by the plaintiffs against them.  The trial court's January 19, 2023 judgment further granted Caremark's petition for intervention, permitted the plaintiffs to amend their petition within seven days of the judgment, and dissolved the temporary restraining order it issued on December 21, 2022.

On January 27, 2023, the plaintiffs filed a second supplemental petition for injunctive relief.  In their petition, the plaintiffs alleged all of the same claims, facts, and prayers for relief set forth in their original petition, except for the request for a temporary restraining order.[4]  The plaintiffs alleged that the Caremark contract was for a health care plan or system, health care service, benefits program, or other plan or program authorized by law.  The plaintiffs argued that the contract was within the scope of authority granted to OGB by La. R.S. 42:802(B)(8)(d), which requires approval from certain legislative committees before OGB could lawfully enter into the Caremark contract.[5]  Because legislative approval was not acquired before the parties entered into the Caremark contract, the plaintiffs requested a judgment granting a preliminary injunction in their favor prohibiting the defendants from taking any action to proceed with the contract.

---

[3] The record does not contain a transcript of the December 28, 2022 hearing.

[4] The plaintiffs requested that after further proceedings, there be a judgment granting a permanent injunction in their favor.

[5] Louisiana Revised Statutes 42:802(B)(8)(d) provides:

> Any such contract shall be subject to review and final approval by the appropriate standing committees of the legislature having jurisdiction over review of agency rules by [OGB] as designated by [La.] R.S. 49:966(B)(21)(c), or the subcommittees on oversight of such standing committees, and the office of state procurement of the division of administration.

On February 13, 2023, Caremark filed a peremptory exception raising the objections of no cause of action and nonjoinder of a party, and a declinatory exception raising the objection of *lis pendens*. In support of its objection of *lis pendens*, Caremark argued that the instant matter arose out of the same transaction or occurrence involved in <u>Wixson v. State Through Office of Governor</u>, 2023-0054 (La. App. 1 Cir. 10/20/23), 377 So.3d 701. Caremark argued that both this case and <u>Wixson</u> addressed the validity of the Caremark contract and sought to stop Jay Dardenne from executing and implementing the contract. In support of its objection of no cause of action, Caremark argued that "much like [the plaintiffs'] previously rejected argument related to La. R.S. 42:802(D)(1), [the p]laintiffs now contend that OGB and [Jay] Dardenne [were] in violation of La. R.S. 42:802(B)(8)(d), which purportedly require[d] OGB contracts to obtain approval from ... standing committees of the legislature[.]" Caremark argued that La. R.S. 42:802(B)(8)(d) did not provide the plaintiffs relief; therefore their cause of action must be dismissed. In support of its objection of nonjoinder of a party, Caremark argued that it should have been joined as a party to this proceeding pursuant to La. C.C.P. art. 641[6] because it was a necessary party. Caremark asserted that "because [the] [p]laintiffs' prior and current requests for injunctive relief [sought] to block implementation and performance of Caremark's ... contract with OGB, Caremark was unquestionably required to be named as a defendant in this case pursuant to [La. C.C.P. art.] 641."

---

[6] Louisiana Code of Civil Procedure article 641 provides:

A person shall be joined as a party in the action when either:

(1) In his absence complete relief cannot be accorded among those already parties.
(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
(a) As a practical matter, impair or impede his ability to protect that interest.
(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

5

On March 7, 2023, OGB and Jay Dardenne filed a declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction,[7] and a peremptory exception raising the objections of *res judicata*, no right of action, and no cause of action. In support of their exceptions of *lis pendens* and *res judicata*, OGB and Jay Dardenne argued that this matter and Wixson arose out of the same transaction and occurrence and involved "virtually the same demands for relief by parties related to and asserting identical interests[.]" For this reason, OGB and Jay Dardenne argued that this case should be dismissed. OGB and Jay Dardenne further argued that the plaintiffs had no right of action under the Caremark contract because the plaintiffs were not parties to the contract and had no cause of action for the relief claimed because La. R.S. 42:802(B)(8)(d) did not apply to the contract at issue.

On March 7, 2023, OGB and Jay Dardenne filed an answer to the plaintiffs original, first amended and supplemental, and second supplemental petition for injunctive relief, which generally denied the majority of the plaintiffs' allegations, asserted several affirmative defenses, and raised a reconventional and third party demands for declaratory judgment, preliminary injunction, and permanent injunction.

On March 20, 2023 the trial court held a hearing on the various exceptions[8] filed by the parties. After hearing arguments from the parties, the trial court denied

---

[7] We note that 2023 La. Acts, No. 5, § 1 (eff. Aug. 1, 2023) deleted the objection of lack of subject matter jurisdiction from the objections raised through a declinatory exception and added it to the list of peremptory exceptions found in La. C.C.P. art. 927. See La. C.C.P. art. 925, Official Revision Comments – 2023; see also VCS, LLC v. Louisiana Department of Economic Development, 2023-0548 (La. App. 1 Cir. 11/9/23), 379 So.3d 54, 58 n.3.

[8] On March 20, 2023, defendants-in-reconvention, the State of Louisiana, Louisiana Legislature, Senate and House of Representatives, Joint Legislative Committee, Senate Finance Committee, and House Appropriations Committee, through Jeff Landry in his official capacity as the Attorney General of the State of Louisiana, filed exceptions to the reconventional and third-party demands filed by OGB and Jay Dardenne. These exceptions included a declinatory exception raising the objections of lack of subject matter jurisdiction, insufficiency of citation, insufficiency of service of process, and *lis pendens*, as well as a dilatory exception raising the objection of unauthorized use of summary proceeding, and a peremptory exception raising the objection of no cause of action.

all of the exceptions.[9]  On March 21, 2023, the trial court held a hearing on the plaintiffs' second supplemental petition for injunctive relief.  The parties stipulated the following at the hearing: "THE CAREMARK CONTRACT, WHICH IS EXHIBIT-2 IN THIS CASE, WAS NEVER SUBMITTED TO THE HOUSE APPROPRIATIONS COMMITTEE OR THE SENATE FINANCE COMMITTEE, WAS NEVER REQUESTED TO BE SUBMITTED TO EITHER OF THOSE COMMITTEES[,] AND WAS NEVER APPROVED BY EITHER OF THOSE COMMITTEES."  After testimony was heard and evidence was submitted, the trial court denied the plaintiffs' request for injunctive relief.

On June 12, 2023, the trial court signed a judgment denying Caremark's peremptory exception raising the objections of no cause of action and non-joinder of a party, and denying its declinatory exception raising the objection of *lis pendens*. The June 12, 2023 judgment also denied OGB and Jay Dardenne's peremptory exception raising the objections of no cause of action, no right of action, *res judicata*, and declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction.  On June 12, 2023, the trial court also signed a judgment denying the plaintiffs' request for a preliminary injunction.  Subsequently, the plaintiffs appealed the trial court's judgment denying their request for a preliminary injunction.

After the appeal was lodged with this court, on October 24, 2023, OGB and Jay Dardenne filed an answer to the appeal, requesting that this court review the trial court's denial of its declinatory exception raising the objections of *lis pendens* and lack of subject matter jurisdiction, and peremptory exception raising the objections of *res judicata*, no right of action, and no cause of action.  On October 24, 2023, Caremark also filed an answer to the appeal, requesting that this court grant its

_____

[9] The record does not contain a transcript of the March 20, 2023 hearing.

7

peremptory exception raising the objection of no cause of action and declinatory exception raising the objection of *lis pendens*.

On January 18, 2024, OGB and Jay Dardenne filed a peremptory exception raising the objection of *res judicata* with this court. OGB and Jay Dardenne argued that this court's decision in <u>Wixson</u> affirmed the dismissal of the similarly-situated plaintiffs' claims as in this case. OGB and Jay Dardenne asserted that because <u>Wixson</u> was final, the plaintiffs' claims in this case were barred by *res judicata* and must be dismissed. The plaintiffs opposed OGB and Jay Dardenne's peremptory exception raising the objection of *res judicata*, arguing that their claims were not barred by <u>Wixson</u> because the parties were not the same. The plaintiffs argued that all the elements of *res judicata*, including identity of parties, must be satisfied for their suit to be precluded. <u>See</u> <u>Carollo v. Department of Transportation and Development</u>, 2021-01670 (La. 9/1/22), 346 So.3d 751, 753-54. Therefore, the plaintiffs argued that the peremptory exception raising the objection of *res judicata* should be denied.

**APPLICABLE LAW**

An injunction shall be issued in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law. <u>See</u> La. C.C.P. art. 3601(A). The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. <u>Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa</u>, 2004-0270 (La. App. 1 Cir. 3/24/05), 906 So.2d 660, 664. Generally, irreparable injury means a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard. <u>Louisiana Vaping Association v. Department of Revenue</u>,

8

2020-0816 (La. App. 1 Cir. 2/19/21), 318 So.3d 221, 225, <u>writ denied</u>, 2021-00415 (La. 5/11/21), 315 So.3d 869; <u>Concerned Citizens</u>, 906 So.2d at 664.

A preliminary injunction is an interlocutory judgment designed to preserve the status quo between the parties pending a trial on the merits. <u>Stevens Construction & Design, L.L.C. v. St. Tammany Fire Protection District No. 1</u>, 2018-1759 (La. App. 1 Cir. 1/16/20), 295 So.3d 954, 957-58 (*en banc*), <u>writ denied</u>, 2020-00977 (La. 11/4/20), 303 So.3d 650. A preliminary injunction is issued in summary proceedings incidental to the main demand for permanent injunctive relief. <u>Concerned Citizens</u>, 906 So.2d at 664. Generally, a party seeking the issuance of a preliminary injunction must show that it will suffer irreparable injury if the injunction does not issue and must show entitlement to the relief sought; this must be done by a *prima facie* showing that the party will prevail on the merits of the case. <u>Id</u>. However, a petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, *i.e.*, when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. <u>Davenport v. Chew</u>, 2023-0036 (La. App. 1 Cir. 9/15/23), 375 So.3d 973, 976.

Although the judgment on the preliminary injunction is interlocutory, a party aggrieved by a judgment either granting or denying a preliminary injunction is entitled to an appeal. La. C.C.P. art. 3612(B); <u>Hill v. Jindal</u>, 2014-1757 (La. App. 1 Cir. 6/17/15), 175 So.3d 988, 1002, <u>writ denied</u>, 2015-1394 (La. 10/23/15), 179 So.3d 600. Appellate review of a trial court's issuance of a preliminary injunction is limited. The issuance of a preliminary injunction addresses itself to the sound discretion of the trial court and will not be disturbed on review unless a clear abuse of discretion has been shown. <u>Neill Corp. v. Shutt</u>, 2020-0269 (La. App. 1 Cir. 1/25/21), 319 So.3d 872, 878.

9

## DISCUSSION

The only issue before this court is whether the trial court erred in denying the plaintiffs' request for a preliminary injunction. The plaintiffs claim that they are entitled to a preliminary injunction prohibiting OGB from contracting with Caremark to provide healthcare services to OGB's plan beneficiaries. The plaintiffs argue that the trial court's denial of their preliminary injunction was in error because La. R.S. 42:802(B)(8)(d) requires healthcare services contracts to obtain final approval from certain standing legislative committees before those contracts can be implemented. Specifically, the plaintiffs argue that La. R.S. 42:802 sets forth the powers and duties of OGB. According to the plaintiffs, La. R.S. 42:802(B)(8) is the statutory section that authorizes OGB to enter into contracts for health care services. In support of their argument, the plaintiffs rely on La. R.S. 42:802(B)(8)(d), which provides "[a]ny such contract shall be subject to review and final approval by the appropriate standing committees of the legislature having jurisdiction over review of agency rules by [OGB] as designated by [La.] R.S. 49:966(B)(21)(c) ... ." Thus, the plaintiffs argue that La. R.S. 42:802(B)(8)(d) requires OGB to have any health services contract reviewed and approved by the Office of Procurement, as well as the standing legislative committees.

OGB, Jay Dardenne, and Caremark (the defendants) counter argue that the plaintiffs are not entitled to a preliminary injunction because La. R.S. 42:802(B)(8)(d) does not apply to the Caremark contract. The defendants argue that the Caremark contract is a "consulting service contract" not a contract for "healthcare services." Therefore, the defendants argue that the Caremark contract is not governed by La. R.S. 42:802(B)(8)(d). The defendants further argue that the plaintiffs failed to show that they suffered irreparable harm or failed to show that they are excused from making such a showing. The defendants assert that the

10

plaintiffs' claim that they suffered financial losses evidences that their damages are capable of being compensated monetarily, which is not appropriate for injunctive relief. Thus, the defendants argue that the plaintiffs failed to demonstrate that they were likely to prevail on the merits of their claims, precluding injunctive relief in their favor.

The determination of whether the Caremark contract falls under La. R.S. 42:802(B)(8)(d) should be made at a trial on the merits. Therefore, we find that the trial court did not abuse its discretion in denying the plaintiffs' preliminary injunction based on its finding that the plaintiffs failed to carry their burden of proving that they were entitled to injunctive relief as a matter of law or that they would likely prevail on the merits. See Zachary Mitigation Area, LLC v. Tangipahoa Parish Council, 2016-1675 (La. App. 1 Cir. 9/21/17), 231 So.3d 687, 691-92.

The merits of an action may be decided during an interlocutory proceeding only when the parties have expressly agreed to submit the case for final decision at the hearing on the rule for a preliminary injunction. See City of Baton Rouge v. State, ex rel. Dept. of Social Services, 2007-0005 (La. App. 1 Cir. 9/14/07), 970 So.2d 985, 995; see also Transworld Drilling Co. v. Texas General Petroleum Co., 517 So.2d 1262, 1263 (La. App. 4 Cir. 1987) ("The trial of a rule for a preliminary injunction cannot replace a trial on the merits, in the absence of such a stipulation by the parties.") The record in the instant matter reveals that there was no stipulation between the parties agreeing to dispose of the entirety of the case during the preliminary injunction proceeding. See Zachary Mitigation Area, LLC, 231 So.3d at 692.

11

## EXCEPTION OF *RES JUDICATA*

OGB and Jay Dardenne filed a peremptory exception raising the objection of *res judicata* with this court. The peremptory exception raising the objection of *res judicata* is based on the conclusive legal presumption that there should be no re-ligitation of a thing previously adjudged between the same parties. Pirosko v. Pirosko, 2022-1000 (La. App. 1 Cir. 2/24/23), 361 So.3d 1011, 1017. *Res judicata* bars re-litigation of a subject matter arising from the same transaction or occurrence of a previous suit and promotes judicial efficiency and final resolution of disputes. Id. The burden of proving the facts essential to sustaining the objection is on the party pleading the objection. If any doubt exists as to its application, the exception must be overruled and the second lawsuit maintained. Davis v. J.R. Logging, Inc., 2013-0568 (La. App. 1 Cir. 11/8/13), 136 So.3d 828, 830, writ denied, 2014-0860 (La. 6/20/14), 141 So.3d 812. The standard of review of a peremptory exception pleading *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect. Myers v. National Union Fire Ins. Co. of Louisiana, 2009-1517 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 210, writ denied, 2010-2049 (La. 11/12/10), 49 So.3d 892. Since evidence has already been submitted in the instant case, and the trial court has made its ruling based upon this evidence, we have before us a question of law where a *de novo* review is the appropriate standard of review. Quality Environmental Processes, Inc. v. IP Petroleum Company, Inc., 2016-0230 (La. App. 1 Cir. 4/12/17), 219 So.3d 349, 365, writ denied, 2017-00915 (La. 10/9/17), 227 So.3d 833.

Louisiana Revised Statutes 13:4231 sets forth the general principles for *res judicata* and provides as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

12

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under this provision, the Louisiana Supreme Court has emphasized that all of the following elements **must** be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053; Pirosko, 361 So.3d at 1017-18. The parties are the same for the purposes of *res judicata* only when they appear in the same capacities in both suits. Burguieres, 843 So.2d at 1054.

The doctrine of *res judicata* must be strictly construed, and any doubt concerning its applicability is to be resolved against the party raising the objection. Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993 (La. App. 1 Cir. 7/3/02), 867 So.2d 709, 713. The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. Cadle Company, II, Inc. v. Linder, 2021-1361 (La. App. 1 Cir. 8/24/22), 348 So.3d 784, 788 n.3, writ denied, 2022-01437 (La. 11/22/22), 350 So.3d 501. Further, the *res judicata* effect of a prior judgment is a question of law that is reviewed *de novo*. Id. at 788 n.4.

13

Based on our *de novo* review of the record, it appears that the parties in the Wixson suit and the parties in the instant matter are not the same. For purposes of *res judicata*, an identity of parties exists whenever the same parties, their successors, or others appear, so long as they share the same quality as parties. Capital One, N.A. v. Service Door & Millwork, LLC, 2011-0691 (La. App. 1 Cir. 11/9/11), 2011 WL 5420374, *3 (unpublished) citing Mandalay Oil & Gas, L.L.C. v. Energy Development Corp., 2001-0993 (La. App. 1 Cir. 8/4/04), 880 So.2d 129, 140, writ denied, 2004-2426 (La. 1/28/05), 893 So.2d 72. Jurisprudence does not require that the parties in the two lawsuits be physically identical as long as they share the same quality as parties. Capital One, N.A., 2011 WL 5420374 at *3. In considering whether an identity of parties exists for *res judicata* purposes, the preclusive effect of a judgment binds the parties to the action, as well as those nonparties who are deemed "privies" of the parties in circumstances where "the nonparty's interests were adequately represented by a party to the action, who may be considered the 'virtual representative' of the nonparty, because the interests of the party and the nonparty are so closely aligned." Mandalay Oil & Gas, L.L.C., 880 So.2d at 142. Furthermore, because *res judicata* is to be strictly construed, any doubt concerning its applicability must be resolved against the party raising the objection. Mandalay Oil & Gas, L.L.C., 867 So.2d at 713.

In this case, it is undisputed that none of the Wixson plaintiffs are parties in the instant matter except the Louisiana Independent Pharmacies Association, Inc. However, OGB and Jay Dardenne contend that all of the parties in this case and Wixson are the same for purposes of *res judicata* because they have the same "capacity" and "quality" as the plaintiffs in both suits and assert the same interests as the independent pharmacists and pharmacies. For purposes of *res judicata*, there exists an identity of parties whenever the same parties, their successors, or others

14

appear so long as they share the same "quality" as parties, *i.e.*, so long as they are the same in the legal sense of the word. Joseph v. Huntington Ingalls Incorporated, 2018-02061, (La. 1/29/20), 347 So.3d 579, 584. The legal requirement of identity of parties is met where successors or privies of the original parties assert rights derived therefrom. Id. In connection with the doctrine of *res judicata*, a "privy" is "one who, after the commencement of the action, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, purchase or assignment." Five N Company, L.L.C. v. Stewart, 2002-0181 (La. App. 1 Cir. 7/2/03), 850 So.2d 51, 61.

After our *de novo* review of the record, we cannot say that the plaintiffs in the instant matter have the same capacity and/or quality as the plaintiffs in the Wixson suit such that they should be treated as the same party for purposes of *res judicata*. While the plaintiffs in Wixson and the plaintiffs in the instant matter are challenging the same Caremark contract, we find that their common interest in terminating the contract for violations of statutory law is insufficient to establish that their interests are so closely aligned that they have identical interests warranting *res judicata*. The plaintiffs are not successors of the plaintiffs in Wixson nor are the plaintiffs in this case the legal representatives of the plaintiffs in Wixson. Moreover, any doubt as to the identity of parties must be resolved against the application of *res judicata*. Therefore, the element that the parties must be the same for *res judicata* is not met, and *res judicata* does not apply to this case.

## THE DEFENDANTS' ANSWERS TO APPEAL

The defendants filed answers to the appeal pursuant to La. C.C.P. art. 2133. When an unrestricted appeal is taken from a final judgment, an appellee may seek review of all adverse interlocutory rulings by filing an answer to the appeal. See La. C.C.P. art. 2133(A); Thompson v. Center for Pediatric and Adolescent Medicine,

L.L.C., 2017-1088 (La. App. 1 Cir. 3/15/18), 244 So.3d 441, 447 n.2, <u>writ denied</u>, 2018-0583 (La. 6/1/18), 243 So.3d 1062. Under La. C.C.P. art. 2133, the answer to the appeal must state what the "relief demanded" is, and the answer operates as an appeal only from those matters "of which he complains in his answer." <u>Stevens v. St. Tammany Parish Government</u>, 2017-0959 (La. App. 1 Cir. 7/18/18), 264 So.3d 456, 466, <u>writ denied</u>, 2018-2062 (La. 2/18/19), 265 So.3d 773. The substantive and procedural effect of an answer to an appeal is the same as an appeal. <u>Succession of Poole</u>, 2015-1317 (La. App. 1 Cir. 10/28/16), 213 So.3d 18, 26.

The defendants argue that the trial court erred in denying their exceptions. We find this argument to be without merit. In <u>Ciolino v. Castiglia</u>, 446 So.2d 1366, 1369-71 (La. App. 1 Cir. 1984), this court declined to address different exceptions raised in connection with the appeal of an injunction under La. C.C.P. art. 3612. In <u>Ciolino</u>, this court stated:

> The ruling on the exception ... cannot be contested as part of the appeal from the judgment on the preliminary injunction. Interlocutory judgments affecting exceptions which do not involve irreparable injury may only be raised with an appeal from a final judgment. Although the preliminary injunction judgment is appealable (La. C.C.P. art. 3612), it is still an interlocutory judgment. Further, La. C.C.P. art. 3612 does not authorize appellate review of interlocutory judgments affecting exceptions with an appeal from a judgment on a preliminary injunction. [Internal citations omitted.]

As the judgment denying the plaintiffs' preliminary injunction is an interlocutory judgment, which is appealable only under La. C.C.P. art. 3612, and not a final judgment, the defendants' request for this court to review the denial of their exceptions cannot be considered as part of this appeal. Therefore, this court is of the opinion that appellate review of the trial court's interlocutory judgment overruling the various exceptions raised by the appellees is improper at this time. <u>See</u> <u>Hill</u>, 175 So.3d at 998 n.15.

## CONCLUSION

For the above reasons, we affirm the trial court's June 12, 2023 judgment that denied the plaintiffs' request for a preliminary injunction. All costs of this appeal are assessed to the plaintiffs, Debbie Cade Vienne, Cade's Pharmacy, LLC, Kyle Stevens, Pharmacy Central, LLC, David Osborn, Osborn Enterprises, LLC, Orlando Palmer, Parker's Pharmacy and PharmplusCBD, LLC, Dr. Eric Peters, and P&C Healthcare, LLC d/b/a Lagniappe Pharmacy 3.

**AFFIRMED; EXCEPTION OF *RES JUDICATA* OVERRULED; ANSWERS TO APPEAL DENIED.**